**574**

UNITED STATES

v.

Private (E–2) Dewitt DARDEN, 243–64–3475, US Army, Headquarters and Headquarters Company, United States Army Yuma Proving Ground, Yuma, Arizona 85364.

CM 431633.*

U. S. Army Court of Military Review.

10 July 1975.

Appellate counsel for the Accused: CPT Anthony J. Siano, JAGC; CPT Michael R. Caryl, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. DeFiori, JAGC.

Appellate counsel for the United States: CPT Nancy Battaglia, JAGC; CPT Raymond Michael Ripple, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway.

OPINION OF THE COURT

TALBOT, Senior Judge:

The appellant was tried by general court-martial with members for the offenses of disrespect to a superior commissioned officer, striking a superior commissioned officer, willful disobedience of a noncommissioned officer in violation of Articles 89, 90 and 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 889, 890, and 891. Appellant entered a plea of not guilty to all offenses. He was acquitted of both disrespect allegations (Articles 89 and 91, UCMJ), but found guilty of striking a superior commissioned officer and as to the specification alleging willful disobedience of a commissioned officer (Specification 2, Charge II), the trial court found the appellant not guilty of an Article 90 violation but guilty of Article 92. The approved sentence is set out above.

The appellant assigns as error:

"I

THE FINDINGS AS TO SPECIFICATION 2 OF CHARGE II FAIL TO STATE AN OFFENSE AND ARE THEREFORE INSUFFICIENT IN LAW."

Specification 2, Charge II, alleges that the appellant, having received a lawful command from a named superior commissioned officer to come with the officer to the orderly room did, at a stated time and place willfully disobey the same. The Findings as announced by the president of the trial court as concerned Specification 2, Charge II were as follows:

---

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

"Of Specification 2 of Charge II guilty except the words, 'Willfully disobey.' Of the excepted words, not guilty. Of Charge II, not guilty, but guilty of a violation of Article 92."

No substitutions were made to replace the words excepted from the specification.

 A liberal rule is generally followed in interpreting jury verdicts. 23A C.J.S. Crim.Law § 1393; 53 Am.Jur., Trial § 1035; *State v. Broadnax*, 216 La. 1003, 45 So.2d 604 (1950). Informalities or inaccuracies in a verdict have been held immaterial if the intention is evident. *United States v. McCready*, 17 C.M.R. 449 (ABR 1954). An announced jury verdict is sufficient if it manifest decision upon the issue with certainty and definiteness to enable the court to base judgment thereon and to protect against subsequent prosecution for the same offense. *United States v. Gilday*, 47 C.M.R. 172 (ACMR 1973). The omission in the findings of any reference to the time and place of the offense was not fatal to valid findings of guilty where the evidence unequivocally establishes these elements so as to protect the accused against double jeopardy and it is clear the court intended no charge in the time and place as alleged in the pleadings. *United States v. Chism*, 31 C.M.R. 421 (NBR 1961). Findings by exceptions and substitutions which failed to contain appropriate phrasing for the necessary intent, as well as descriptive language were sustained by a Board of Review which looked to the record to determine the intent of the court. *United States v. Cameron*, 34 C.M.R. 913 (AFBR 1964). In the case of *United States v. Graham*, 36 C.M.R. 945 (AFBR 1966), it was held that the failure of the findings either to except certain language in a specification or to make substitutions appropriate to the lesser included offense was not fatal where the intent of the jury was plain and readily understandable from the record. *See also* the case of *United States v. Stewart*, 48 C.M.R. 877 (ACMR 1974).

The findings of the court as announced clearly evidence the court's intention to convict the appellant of a violation of Article 92, UCMJ. We are equally convinced that the court intended to convict the appellant of the offense of failing to obey a lawful order of a superior commissioned officer. The court's failure to follow the formalized procedure in announcing its findings, while improper, did not result in findings that are unclear. We find, after examining the entire record of trial, that the manifest intent of the court was to find the appellant guilty as follows:

Of Specification 2, Charge II, guilty except the word "willfully disobey," substituting therefor the words "failed to obey." Of the excepted words, Not Guilty, of the substituted words: Guilty.

The findings and the sentence are affirmed.

Judges DONAHUE and COSTELLO concur.