**UNITED STATES**

v.

**Derrick D. DAVIE, 368 78 5646, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 84 1087.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Nov. 1983.

Decided 24 May 1984.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LCDR Cynthia J. Clemens, JAGC, USN, Appellate Defense Counsel.

LT C.M. Fresher, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

The appellant entered pleas of guilty to two check offenses, among others, with some modifications to the initial pleadings. By exceptions and substitutions the appellant pleaded to two specifications of uttering false checks which are relevant to the issues raised on appeal. After guilty pleas were entered and accepted, and the providence inquiry completed, the military judge entered findings. In announcing findings, however, the military judge excepted the words in accordance with appellant's pleas but failed to announce the substituted words stated in the appellant's pleas. Appellant now claims this error resulted in the appellant's being convicted under specifications which do not state an offense.

In announcing the findings, the military judge prefaced the verdict with the customary words "... it is my duty as military judge of this court to announce that *in accordance with your pleas*, the court finds you ...." (emphasis supplied) (R. 60). As to the pertinent specifications, the military judge, after stating that certain words were excepted, said, "of the excepted words, not guilty; of the substituted words, guilty." (R. 61 and 62). When the military judge asked if there were any questions about the findings, trial counsel raised an irrelevant matter and defense counsel stood mute. The appellant in his unsworn statement talked about his passing bad checks.

The failure to announce findings either to except certain language in a speci-

fication or to make appropriate substitutions is generally not fatal where the intent of the court is clear from the record. *United States v. Stewart*, 48 CMR 877 (ACMR 1977) (military judge excepted the words, steal a receiver of a value of $90 and the figure $270 and substituted only the figure $180, omitting words of criminality). *See, United States v. Darden*, 1 M.J. 574 (ACMR 1975); *United States v. Ross*, 33 CMR 681 (CGBR 1963). *See also, State v. Broadnax*, 45 So.2d 604 (1950), for a discussion of the civilian rule. We need not agonize over why the military judge failed to properly announce the pertinent findings. It is manifestly clear that the military judge intended to find the appellant guilty in accordance with his pleas. The manifestation on the record is more than adequate to protect the appellant from jeopardy. *See United States v. Dilday*, 47 CMR 172 (ACMR 1973). *See United States v. Stewart, supra.* We find no prejudice.

█ The court-martial order does not accurately reflect specification changes made at trial in respect to the situs of the offenses set forth in Charge III and its specification and in specifications 1 through 5 of the Additional Charge. The court-martial order should be corrected.

In view of the foregoing, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge BARR concur.