UNITED STATES, Appellee,

v.

Private E–2 Eric F. JOHNSON,
281–58–6518, United States
Army, Appellant.

CM 448227.

U.S. Army Court of Military Review.

4 Sept. 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before MARDEN, PAULEY and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members for housebreaking, adultery and indecent assault in violation of Articles 130 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 930 and 934. He was found guilty of housebreaking and indecent assault. No finding was entered by the court to the specification alleging adultery. Appellant was sentenced to a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges and the government agrees that the military judge erred by failing to dismiss the specification alleging adultery. We agree that error was com-

mitted but find that the court's failure to enter findings resulted in an acquittal to that allegation.

Before findings the military judge instructed the court, "You are further advised that with regard to these two offenses alleged in Charge II, these two offenses are an example of what is called inconsistent pleading, that is, that due to the uncertainty of the prosecution, the government has alleged two offenses which are inconsistent. They're inconsistent in that the offense of adultery is a consentual (sic) offense; whereas, the offense of indecent assault as an element is a nonconsentual (sic) offense. Therefore, you are advised that if you are satisfied beyond a reasonable doubt as to each and every element of one of these offenses, you may find the accused guilty of that offense, but you may not find the accused guilty of both of these offenses since they are inconsistent." After deliberation, the military judge examined the findings worksheet, and the President announced findings of guilty of the offenses of housebreaking and indecent assault. No findings were announced concerning the adultery offense. Examination of the findings worksheet reveals that the part of the worksheet related to the adultery specification had been "lined out." A footnote to the government appellate brief indicates that subsequent to trial the military judge directed trial counsel to enter a finding of not guilty to the specification in question on the "report of result of trial."

 Generally, a liberal rule is followed in interpreting jury verdicts. *United States v. Darden*, 1 M.J. 574, 575 (A.C. M.R.1975). A pronouncement of the jury is sufficient if it decides the questions in such a way as to enable the court intelligently to base a judgment thereon and can form the basis for a bar to subsequent prosecution for the same offense. *United States v. Dilday*, 47 C.M.R. 172, 173 (A.C.M.R.

1973). Informalities or inaccuracies in a verdict have been held to be immaterial if the intention is evident from the record. *United States v. McCready*, 17 C.M.R. 449 (A.B.R.1954).

 Applying these rules, we have no difficulty determining from the record that the court intended to find appellant not guilty of the specification alleging adultery. We hold that, under the circumstances present, the "lining out" of the portion of the finding worksheet relating to the adultery specification is tantamount to a finding of not guilty and we will treat it as such. We further find that the appellant is protected from further prosecution for the offense.

 This is one of several recent cases which have been before this court in which the trial court failed to make complete findings.[1] It appears that the members either did not understand from the instructions that they should announce a finding of not guilty to the adultery offense or inadvertently failed to do so. We caution military judges to insure that their instructions are unambiguous and that complete findings are announced. Where findings are faulty, the military judge should take immediate appropriate corrective action in open court.

The findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge PAULEY concur.

---

1. *In United States v. Williams*, CM 448192 (A.C. M.R. 17 July 1986) (unpub.), a military judge made findings as to the specifications but failed to make findings to the charges. In *United States v. Hodge*, CM 448039 (A.C.M.R. 27 June 1986) (unpub.), another military judge failed to enter findings of not guilty to excepted words and findings of guilty to substituted words, findings of not guilty to the charge of the greater offense or findings of guilty to the charge to a lesser included offense.