**UNITED STATES**

v.

**Technical Sergeant Michael L. TIMMERMAN, FR 128–36–3850, United States Air Force.**

**ACM 26604.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Aug. 1987.

Decided 21 Feb. 1989.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Frank J. Spinner.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

Contrary to his pleas, the appellant was found guilty by a general court-martial composed with members of stealing currency belonging to the United States Government, sodomy, solicitation to commit sodomy, committing an indecent act, and indecent exposure in violation of Articles 121, 125 and 134, UCMJ 10 U.S.C. §§ 921, 925, 934. His sentence, as adjudged and approved, extends to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to airman basic (E–1). The principal issue raised on appeal involves the validity of findings as announced by the president of the court with respect to the offenses charged under Article 134 (the latter three offenses set forth above), Specifications 1, 2 and 3 of Charge III. The matter is being raised for the first time before this Court.

The record of trial reveals the following occurred upon announcement of findings:

PRES: TSgt Michael L. Timmerman, this court-martial finds you:

Of the Specification of Charge I: Guilty.

Of the Specification of Charge II: Guilty, excepting the words "by force and without consent," substituting therefor the words "without consent";

Of the Charge: Guilty;

And of Charge III: Guilty.

MJ: And I believe of Charge I, you did not announce that as the charge: Guilty. You need to add that to your notes.

PRES: And as of the Charge: Guilty.

MJ: Of Charge I?

PRES: Of Charge I.

MJ: All right. That brings us then—

TC: If I might ask for a clarification on all three specifications of Charge III.

MJ: Yes.

TC: They were guilty. Thank you, Your Honor.

MJ: That brings us then to the second phase of the trial. . . .

The trial then proceeded to its conclusion. It appears from the record that all parties believed the court's findings included findings of guilty on all three specifications under Charge III. We can positively state that to be the case for the military judge and counsel. The military judge's instructions to the court members prior to their sentencing deliberations set forth a maximum punishment which included punishment for all three of the Article 134 offenses.[1] Counsel for both sides concurred with the judge's determination as to that punishment, and trial counsel made several references to the various Article 134 offenses during his presentencing argument. At no time during the remainder of the proceedings after the announcement of findings was any question concerning this matter raised by the defense. To the contrary, in a lengthy submission to the convening authority prior to his action, defense counsel indeed urged, among other things, that the evidence was insufficient as a matter of law to support findings of guilty as to all the charges and specifications, including all three offenses alleged under the Article 134 charge.

■ We agree with appellate defense counsel that the findings in question as announced by the president of the court were irregular.[2] It has been long-standing military practice that findings as to the specifications under a charge will be announced in addition to findings on the charge, even though the findings as to all specifications under a charge are the same. *See* R.C.M. 922; MCM, Appendix 10 at A10–1 (1984); MCM, 1951, para. 74g and Appendix 8a at 519; Winthrop's, *Military Law and Precedents*, 375–76, 378–79 (2d ed. 1920). The military judge so instructed the court. *See* Department of the Army Pam 27–9, *Military Judge's Benchbook*, para. 2–30, at 2–35, 2–37 (Change 2, 15 October 1986). (There is no statutory requirement that findings be announced in this manner. Articles 51(a) and 53, UCMJ, 10 U.S.C. §§ 85(a), 853.) The members were also provided a findings worksheet which properly set forth the various findings options and a correct format for their announcement. Unfortunately, the president did not follow it precisely when he announced the court's findings. In our view, trial counsel's request for a clarification and subsequent comment do not, standing alone, resolve this matter. It might be that when trial counsel stated "[t]hey were guilty" his voice inflection made it sound like a question and he received some kind of nonverbal affirmative response from the president, but the record does not so indicate. It goes without saying that the military judge should have asked the president for clarification *on the record* as he had done with regard to Charge I.

In his action, the convening authority made an adjustment to the dollar amount involved in the larceny charge, a modification to the findings which does not bear on the issue we are facing, and approved the

---

1. He instructed that the maximum sentence was a dishonorable discharge, confinement for 15 years and 6 months, total forfeitures, a fine, and reduction to the lowest enlisted grade. With respect to confinement the breakout as to the maximum authorized per offense is as follows: larceny—5 years, consenual sodomy—5 years, indecent act with another—5 years, soliciting another to commit sodomy—5 years, and indecent exposure—6 months. This totals 20 years, 6 months. The first two specifications under Charge III (the indecent act and the solicitation offenses) were determined to be multiplicious for sentencing purposes, and the court was so instructed. This left a maximum term of confinement of 15 years, 6 months.

2. The court's findings with respect to the Specification under Charge II (sodomy) are also irregular. *See* MCM, Part IV, para. 51 (1984). However, we perceive no possible prejudice to the appellant in this regard since, for sentencing purposes, the offense found was considered to be consensual sodomy. We can correct this matter at this level of review.

sentence adjudged by the court. The court-martial order promulgating the results of trial reflects that the appellant was found guilty of all three specifications under Charge III.

This seems to us a classic case for a proceeding in revision. R.C.M. 1102. However, the time for that type of corrective action has passed, since some parts of the sentence have already been ordered executed. R.C.M. 1102(d). That Rule states:

> *When directed.* The military judge may direct a post-trial session any time before the record is authenticated. The convening authority may direct a post-trial session any time before the convening authority takes initial action on the case or at such later time as the convening authority is authorized to do so by a reviewing authority, *except that no proceeding in revision may be held when any part of the sentence has been ordered executed.*

(Emphasis added.) (Prior to taking his action the convening authority did order a post-trial proceeding in this case, but for an entirely unrelated purpose.)

■ The drafter's Analysis tells us that this provision is based on paragraph 86d of MCM, 1969 (Rev.). MCM, App. 21, R.C.M. 1102(d) at A21–69 (1984). Paragraph 86d provided in part that, with certain limited exceptions (not pertinent to the matter in question here), "proceedings in revision may not be had in any case in which any part of the sentence has been ordered executed." This provision has been a part of military law at least as far back as the 1949 Manual (*see* MCM, 1949, para. 87b). It is a rule created by Executive Order of the President, not by statute. *See* Article 60(e), UCMJ, 10 U.S.C. § 860(e). Although our research has not disclosed any specific legal basis or rationale for this rule, we suspect it is premised upon the belief that proceedings in revision would no longer be appropriate once a case has become final in law. Prior to passage of the Military Justice Act of 1983 (Public Law 98–209; 98 Stat. 1393), no part of a court-martial sentence which included a punitive discharge

or confinement of one year or more could be ordered executed until the case was in essence final in law, that is, after completion of appellate review. That, of course, is no longer the rule. A convening authority, as was done in this case, can now order execution of all types of punishment when taking initial action except for punitive discharges or a sentence extending to death. *See* Article 71, UCMJ, 10 U.S.C. § 871.

■ Before this change in the law, an appellate court could order a proceeding in revision. In fact the Manual for Courts–Martial specifically provided for this:

> When a record of trial by general court-martial, or a record of trial by special court-martial in which a sentence to bad-conduct discharge has been approved, has been forwarded by a convening authority to higher authority and error of the kind mentioned in 86c and d is noted by the higher authority, the record will be returned to the convening authority (Art. 60) with directions for the correction of the record *or revision of the proceedings.*

MCM, 1969 (Rev.), para. 95 (emphasis added)—this provision had also been a part of military law since the 1949 Manual. *See* MCM, 1949, para. 92. *See also United States v. Williamson,* 4 M.J. 708, 710 (N.C. M.R.1977). However, there is no such provision in the 1984 Manual, nor is there any reference to paragraph 95 of the 1969 Manual in the Analysis sections relating to post-trial sessions or review by the military appellate courts. MCM, App. 21 at A21–69, A21–78.1 and A21–78.2. The last sentence in the Analysis to Rule 1102(d) does state: "Note that a post-trial session may be directed, when authorized by an appropriate reviewing authority (e.g., the supervisory authority, or the Judge Advocate General), even if some or all of the sentence has been executed." We are confident that the term "appropriate reviewing authority" does include the military appellate courts, but what specific guidance was intended by the rest of this sentence we are not entirely sure. If it was intended to include proceedings in revision, then it is in direct conflict with the Manual Rule itself.

And again, there is no reference to paragraph 95 of the 1969 Manual. For now, we will interpret this guidance as applying to post-trial Article 39(a) 10 U.S.C. § 839(a) sessions only. We also note that the views of the Manual's drafters as set forth in the Analysis are nonbinding and intended only to be a guide in interpretation. *See* Introduction to the Analysis, sub-para. b(2), MCM, App. 21 at A21–3 (1984). Such is not the case with respect to Manual provisions themselves.

■ As the Court of Military Appeals stated some years ago:

> We have consistently recognized that where a Manual provision does not lie outside the scope of the authority of the President, offend against the Uniform Code, conflict with another well-recognized principle of military law, or clash with other Manual provisions, we are duty-bound to accord it full weight.

*United States v. Villasenor*, 6 U.S.C.M.A. 3, 19 C.M.R. 129, 133 (1955). We will do so with regard to R.C.M. 1102(d). Absent additional guidance from the President, we will not presume that we have the authority to order a proceeding in revision at this stage in the appellate process. This is most unfortunate, and a situation we are not sure was intended, or for that matter even considered when the present Manual was being drafted. Proceedings in this case are not final in law as appellate review has not been completed, and in our view there is no rational basis for an appellate court not to have the same power as a military judge or convening authority as far as proceedings in revision are concerned. We strongly urge that the Manual drafters give consideration to this matter at their earliest convenience. We considered setting aside the action of the convening authority and returning the record to him for further consideration. That being done, it might be possible for a proceeding in revision to be held. However, in light of our disposition of the error in question, we need not further address the viability of that course of action at this time.

Appellate defense counsel urge that we set aside the findings of guilty of Charge III and its specifications because there is no basis in the record to support the conclusion that the court members complied with the military judge's instructions in reaching their findings—i.e., that they even voted on the three specifications under Charge III. Counsel rely principally upon *United States v. Dilday*, 47 C.M.R. 172 (A.C.M.R. 1973). In *Dilday*, the trial court announced findings as to the charges, but not the specifications thereunder (a single specification was alleged under each charge). The Army Court of Military Review found no basis in the record to support the conclusion that the court had in fact voted by secret written ballot on the specifications. The Court of Review concluded that "an accused is entitled to a separate vote upon each specification; further, he is entitled to an announcement in open court as to each of the findings reached . . .; [and] that the statutory right of announcement of all findings in open court is a substantial right of the accused." *Id.* at 174. *See also* Articles 51(a) and 53, UCMJ; MCM, 1969 (Rev.), para. 74d (having to do with voting procedures—now covered by R.C.M. 921(c)). Therefore, the failure of the court to announce findings as to the specifications was the equivalent of no finding. *United States v. Dilday*, 47 C.M.R. at 174. *See also* ACM 1013, Stephens, 1 C.M.R. 279 (1949).

Other Courts and Boards of Review have addressed this matter in varied settings. In another Army case, some two years after *Dilday*, the Court held that the failure of the trial court to make findings as to three specifications was not prejudicial where each specification was the only specification under three different charges and the accused pleaded guilty to the specifications and the charges. The Court cautioned, however, that the result would be different if there had been more than one specification under the charge or if the offenses had been contested (precisely the situation we are facing today). *United States v. Barnes*, 50 C.M.R. 625 (A.C.M.R. 1975). In *United States v. Duncan*, 16 C.M.R. 346 (A.B.R.1954), a case involving a single offense, the trial court entered a finding of not guilty to an excepted word,

but guilty to a substituted word. No finding as to the other allegations contained in the specification was announced. The Board of Review concluded that a guilty verdict could not stand, citing paragraph 74d(3) of⸱² the 1951 Manual.³ In *United States v. Massie,* 4 C.M.R. 828 (A.F.B.R. 1952), the Air Force Board of Review dealt with a desertion charge (Article 85) where the announced findings were "of the Specification and Charge II, Not Guilty, but guilty of a violation of Article 86" (dealing with various absence without authority offenses). The Board found the statement "but guilty of a violation of Article 86" is equivalent to no finding whatever as to the specification of Charge II and that the accused is therefor relieved of criminal liability under that charge since an accused's criminality is determined by findings as to specifications, not charges. *See also United States v. Logan,* 15 M.J. 1084, 1085 (A.F.C.M.R.1983), *pet. denied* 17 M.J. 36 (C.M.A.1983); *United States v. Dilday,* 47 C.M.R. at 174; *United States v. Hathaway,* 1 C.M.R. 776 (A.F.B.R.1951).

■■■ We do not consider this Court, of necessity, bound by the holdings in those cases, and we have not discovered a case wherein the United States Court of Military Appeals has addressed the precise issue we are facing. We accept two legal principles from these cases: first, that an accused is entitled to a separate vote on each specification charged; and second, that the right to announcement of all findings in open court is a substantial right of the accused. However, though an error which affects a substantial right of an accused is presumptively prejudicial, "the presumption may yield to *compelling* evidence in the record that no harm actually resulted." *United States v. Boland,* 20 U.S.C.M.A. 83, 42 C.M.R. 275, 278 (1970). In this regard we

look to the record as a whole to determine the intent of the trial court with respect to announcement of the findings. *Cf. United States v. Nedeau,* 7 U.S.C.M.A. 718, 23 C.M.R. 182 (1957); *United States v. D'Andrea,* 10 C.M.R. 909 (A.F.B.R.1953). We are convinced that the members determined that the appellant was guilty of all three of the specifications in question and it was their intent to so announce in their findings. The appellant has suffered no harm as a result of the court's erroneous announcement of its findings. We reach this conclusion based upon the following matters of record.

First, evidence indicating that the appellant committed the sexual offenses charged in this case is overwhelming. The acts occurred at three different times and involved different victims, each of whom testified at trial. The victims did not know each other. That these three young men (two were airmen, one of whom was assigned to another base, the third a civilian) would suddenly come forward and falsely accuse the appellant of committing these acts is incredible.

Second, the military judge's instructions to the members concerning voting procedure and announcement of findings were entirely correct.

Third, the President announced a finding of guilty to the charge. If the members did not find the appellant guilty of one or more of the specifications thereunder, this announcement makes absolutely no sense.

Fourth, trial counsel inquired about the findings as to the specifications of Charge III, and then stated: "They were guilty. Thank you, Your Honor." Had that not been the verdict of the jury, common sense dictates that one or more of the five panel members present would have questioned it.

---

**3.** That paragraph, in pertinent part, provided: "A finding of not guilty results as to any specification or charge if no other valid finding is reached thereon; ...." The same provision appeared in the 1969 (Rev.) Manual in the same paragraph. This language does not appear in the 1984 Manual, although the drafter's Analysis thereto states that R.C.M. 921(c)(3) is based thereon. Why, we are not sure. This Rule provides:

(3) *Acquittal.* If fewer than two-thirds of the members present vote for a finding of guilty— or, when the death penalty is mandatory, if fewer than all the members present vote for a finding of guilty—a finding of not guilty has resulted as to the charge or specification on which the vote was taken.

Fifth, as noted above, the trial then proceeded to its conclusion as if the appellant had been found guilty of all three specifications of Charge III. Defense counsel raised no question or objection as to the form in which the findings were announced. *See United States v. McCready,* 17 C.M.R. 449 (A.B.R.1954).

Sixth, we turn to the Findings Worksheet (a copy of which appears as an Appendix to this opinion).[4] The last page of the Appendix is a typed copy of a hand-written note prepared by the president of the court stating the court's findings as he intended to read them. The military judge found the findings proper in form, however, he asked the president to use the worksheet to announce the findings as to Charge II rather than his note. (The findings as announced by the president and reported in the record of trial were set forth early in this opinion). From the worksheet we can see that the words "Not Guilty" were marked out as to each of the specifications under Charge III, and as to the Charge as well. This is also consistent with how the court members indicated their finding on the worksheet as to the specification of Charge I. Based upon the military judge's instructions and these markings on the worksheet, we are satisfied that the members did vote on each of the specifications of Charge III as well as the Charge itself. A certain amount of confusion is created by the four diagonal lines drawn through the entire section of the worksheet pertaining to the specifications of Charge III. We feel a reasonable interpretation of those marks is that they represent confusion on the members' part as to how to announce the findings where there are multiple specifications under a charge the findings to all of which are the same, rather than an indication that the members did not vote on the individual specifications themselves.

And, seventh, the post-trial submissions by both the appellant and his counsel (R.C. M. 1105, 1106) demonstrate their under-standing that he was found guilty of all three specifications of Charge III.

In sum, based upon the entire record, we are satisfied that the appellant has suffered no prejudice from the irregular form in which the jury's verdict was announced, and that the verdict is sufficiently certain to protect the appellant from subsequent prosecution for the same offenses. *See generally United States v. Harris,* 25 M.J. 281 (C.M.A.1987); *United States v. Johnson,* 22 M.J. 945 (A.C.M.R.1986); *United States v. Davie,* 18 M.J. 598 (N.M.C.M.R. 1984), *pet. denied* 19 M.J. 121 (C.M.A.1984); *United States v. Darden,* 1 M.J. 574 (A.C. M.R.1975).

Our attention is also invited to the issues raised by the appellant's civilian defense counsel in a lengthy, well-written post-trial petition to the convening authority which addresses clemency as well as the merits of the case. Therein, counsel raises nine specific matters which he asserts affect the legality of the trial proceedings. Most relate to sufficiency of the evidence to support the findings of guilty. Each matter was addressed in detail by the staff judge advocate in an addendum to his recommendations to the convening authority (R.C.M. 1106). We agree with the staff judge advocate's conclusion that none of the matters so raised require any type of corrective action. Article 66(c), UCMJ, 10 U.S.C. § 866(c). *See generally United States v. Rath,* 27 M.J. 600 (A.C.M.R.1988); *United States v. King,* 27 M.J. 545 (A.C.M.R.1988); *United States v. Evans,* 26 M.J. 550 (A.C. M.R.1988); *United States v. Lips,* 22 M.J. 679 (A.F.C.M.R.1986), *pet. denied* 24 M.J. 45 (C.M.A.1987); *United States v. Steward,* 18 M.J. 506 (A.F.C.M.R.1984); *United States v. Teeter,* 12 M.J. 716 (A.C.M.R. 1981), *modified* 16 M.J. 68 (C.M.A.1983) (on grounds not relevant to the issues being addressed in the present case); *United States v. LeCappelain,* 9 M.J. 562 (A.F.C. M.R.1980), *pet. denied* 9 M.J. 277 (C.M.A. 1980).

---

**4.** In *Dilday,* the Court of Review noted that with respect to one of the charges the portion of the findings worksheet which related to findings as to a specification thereunder was completely blank. This led the appellate court to conclude that the trial court probably never voted on the specification.

Only so much of the finding of guilty of the Specification of Charge II as finds that the appellant did, at or near Plattsburgh Air Force Base, New York, on or about 23 December 1986, commit sodomy with Airman First Class S., is affirmed.

The approved findings of guilty, as modified, and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judges LEWIS and KASTL concur.

APPENDIX

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | |
| | ) | FINDINGS WORKSHEET |
| TSgt Michael L. Timmerman | ) | |
| FR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 | ) | |
| 380 Bombardment Wing (SAC) | ) | |
| Plattsburgh Air Force Base, New York | ) | |

(Strike all inapplicable language)

I. NOT GUILTY

If the accused is found not guilty of all specifications and the charges, announce: TSgt Michael L. Timmerman, this court-martial finds you of all specifications and the charges: Not Guilty.

II. GUILTY

If the accused is found guilty of any specification(s) of the charges, unmodified, use one or some combination of the announcements below reflecting the court's findings as to the specifications and the charges:

TSgt Michael L. Timmerman, this court-martial finds you

a) ~~Of all Specifications and the Charges:~~ Guilty

~~or~~

b) Of the Specification of Charge I: (Guilty) ~~(Not Guilty)~~

~~and~~

~~Of Charge I: (Guilty) (Not Guilty)~~

~~and~~

Of the Specification of Charge II: ~~(Guilty) (Not Guilty)~~

~~and~~

~~Of Charge II: (Guilty) (Not Guilty)~~

and

Of Specification 1 of Charge III: (Guilty) ~~(Not Guilty)~~;

Of Specification 2 of Charge III: (Guilty) ~~(Not Guilty)~~;

Of Specification 3 of Charge III: (Guilty) ~~(Not Guilty)~~;

and

Of Charge III: (Guilty) ~~(Not Guilty)~~

APPELLATE EXHIBIT XXIV APPENDIX

d) Of Specification 2 of Charge III, Guilty, excepting the words, "wrongfully solicit Airman First Class Kevin E. Cook to commit sodomy with the said TECHNICAL SERGEANT MICHAEL L. TIMMERMAN, by offering to perform fellatio on the said Airman First Class Kevin E. Cook," substituting therefore the words, "wrongfully communicate certain language, to wit: Would you like me to give you a blow job" to Airman First Class Kevin E. Cook, which language suggested to the said Airman First Class Kevin E. Cook, to commit sodomy, an offense under the Code";

Of the excepted words, Not Guilty;

Of the substituted words, Guilty;

Of the Specification, Guilty;

And of the Charge under Article 134, Solicitation to Commit Sodomy, Not Guilty, but Guilty of Requesting Commission of an Offense under UCMJ Article 134.

e) Of Specification 3 of Charge III, Guilty, excepting the words, "willfully and wrongfully," substituting therefore, "attempt to willfully and wrongfully";

Of the excepted words, Not Guilty;

Of the substituted words, Guilty;

Of the Specification, Guilty;

And of the Charge under Article 134, Not Guilty, but Guilty of attempted Indecent Exposure under UCMJ Article 80.

NOTE: To modify a specification in a manner not set forth above, use:

Of Specification _____ of Charge _II_ : (Guilty, except the word(s) "_ by force and without consent " (substituting therefore the word(s) "_ without consent

 )."

~~Of the excepted word(s), Not Guilty (of the substituted word(s), Guilty)~~

~~and~~

Of the Charge: Guilty.

III. If there is any modification to any Specification or a lesser included offense finding, then one of the following may be used or any additional wording you may deem appropriate with respect to the evidence as you saw it:

a) Of the Specification of Charge II, Guilty, excepting the words, "by force and without consent of the said Airman First Class Michael S. Steinman";

 Of the excepted words, Not Guilty;

 Of the Specification, Guilty;

 And of the Charge under Article 125, Guilty.

b) Of the Specification of Charge II, Guilty, excepting the words, "commit sodomy with Airman First Class Michael S. Steinman, by force and without consent of the said Airman First Class Michael S. Steinman"; substituting therefore, "wrongfully commit an indecent act with Airman First Class Michael S. Steinman by taking into his mouth the said Airman First Class Michael S. Steinman's penis";

 Of the excepted words, Not Guilty:

 Of the substituted words, Guilty;

 Of the Specification, Guilty;

 And of the Charge under Article 125, Forcible Sodomy, Not guilty, but Guilty of Indecent Acts With Another under UCMJ Article 134.

c) Of Specification 1 of Charge III, Guilty, excepting the words, "wrongfully commit an indecent act with Airman First Class Kevin E. Cook by masturbating in front of the said Airman First Class Kevin E. Cook while the said Airman First Class Kevin E. Cook also masturbated," substituting therefore, "while in his apartment willfully and wrongfully expose, in an indecent manner to public view, his penis";

 Of the excepted words, Not Guilty;

 Of the substituted words, Guilty;

 Of the Specification, Guilty;

 And of the Charge under Article 134, Indecent Acts With Another, Not Guilty, but Guilty of Indecent Exposure under UCMJ Article 134.

542

 

TSgt Michael L. Timmerman, this court-martial finds you

a) Of the Specification of Charge I: Guilty
 and of the Charge

b) Of the Specification of Charge II: Guilty except the words
"by force and without consent" substituting the words "without
consent"
 Charge Guilty

 and

c) Of Charge III: Guilty