# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32504

————————————

### UNITED STATES
*Appellee*

**v.**

### Scott W. GATES
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 October 2018

————————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 5 months, and reduction to E-1. Sentence adjudged 19 December 2017 by SpCM convened at Hill Air Force Base, Utah.

*For Appellant:* Major Rodrigo M. Caruco, USAF; Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF.

Before HARDING, HUYGEN, and POSCH, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

This case was submitted for our review on its merits without assignment of error. Upon our review, we noted an error in the announcement of the findings with respect to Specification 5 of Charge II: the military judge neither entered a finding as to language Appellant excepted from the specification and pleaded not guilty to, nor did she announce a finding after the Government had amended the specification. However, we determined that, under the circum-

stances of this case, the announcement of findings by the military judge is sufficient to discern the basis for the findings and adequate to bar a subsequent prosecution of Appellant for the same offense. Thus, we find no error materially prejudicial to a substantial right of Appellant.

## I. BACKGROUND

Appellant was charged, *inter alia*, with nine specifications for violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. Specifications 4 and 5 of Charge II both alleged that Appellant had wrongfully used marijuana on divers occasions but differed in their charged timeframes and locations:

> Specification 4: [Appellant] did, within the state of Utah, on divers occasions, between on or about 19 April 2017 and on or about 23 June 2017, wrongfully use marijuana.

> Specification 5: [Appellant] did, within the continental United States, on divers occasions, between on or about 26 September 2017 and on or about 1 November 2017, wrongfully use marijuana.

The pretrial agreement (PTA) contained provisions addressing the disposition of both specifications. In what is referred to as the "quantum portion" of the PTA, the convening authority agreed to withdraw and dismiss Specification 4 of Charge II and to amend Specification 5 of Charge II by "crossing out the words '26 September 2017' and adding by handwriting in its place the words '19 April 2017.'" In the "offer portion" of the PTA, Appellant agreed to plead guilty to Specification 5 as amended with an enlarged timeframe of divers use between on or about 19 April 2017 and on or about 1 November 2017. Although not described as such in the record, the net effect of these PTA provisions was that Appellant agreed to plead guilty to a consolidated specification consisting of the former Specifications 4 and 5 of Charge II alleging divers use of marijuana during a timeframe that encompassed the timeframes of both specifications.[1]

Prior to arraignment, Specification 4 had not been dismissed and Specification 5 had not been amended. Thus, Appellant was arraigned on Specifications 4 and 5 of Charge II as those offenses appeared on the original charge sheet. Appellant pleaded not guilty to Specification 4. As to Specification 5, Appellant, consistent with the terms of the PTA concerning the amendment of

---

[1] When addressing the waiver of motions term of the PTA, Appellant's trial defense counsel described a motion to merge and dismiss Specifications 4 and 5 for multiplicity or unreasonable multiplication of charges that was waived by the PTA.

Specification 5 for a longer timeframe, pleaded: "Guilty, except for the words '26 September 2017'; substituting therefor the words '19 April 2017'; to the excepted words: Not guilty; to the substituted words: Guilty."

Prior to conducting the providence inquiry as to Specification 5 of Charge II, the military judge, noting both Appellant's plea and the offer portion of the PTA, informed Appellant that she would inquire about his marijuana use for the date range of 19 April 2017 to 1 November 2017. Appellant acknowledged that he understood. The military judge then formally advised Appellant of the following element for Specification 5 of Charge II: "that between on or about 19 April 2017 and on or about 1 November 2017, within the continental United States, on divers occasions, you used marijuana." When asked by the military judge why Appellant was guilty of this offense, he described using marijuana in May, June, and October 2017.

During the PTA inquiry, the military judge ensured Appellant understood the term in the offer portion that concerned Specification 5 of Charge II. The military judge explained to Appellant, "in essence you're pleading to a broader charged timeframe . . . crossing out 26 September 2017 and replacing it with 19 April 2017." Appellant acknowledged that he understood. Later in the PTA inquiry, the military judge addressed terms in the quantum portion other than those that would provide a limitation on the approved sentence, specifically, the terms concerning dismissal of certain specifications and the amendment to Specification 5 of Charge II. After accepting the PTA and Appellant's guilty plea, the military judge announced findings even though Specification 4 of Charge II had yet to be dismissed and Specification 5 of Charge II had yet to be amended. The military judge did not announce a finding for Specification 4 of Charge II. She announced the findings as to Specification 5 of Charge II as: "Guilty, except the words '26 September 2017,' substituting therefor the words '19 April 2017.' Of the substituted words: Guilty." The military judge did not enter a finding for the excepted words.

After the announcement of findings, the military judge asked the trial counsel about the convening authority's intention with regards to Specifications 4 and 5 of Charge II. The trial counsel moved to withdraw and dismiss Specification 4 and to amend Specification 5 of Charge II in accordance with the PTA. The military judge then requested the trial counsel to take those actions during a recess.

After the announcement of the sentence, the military judge reviewed the quantum portion of the PTA and noted that the convening authority agreed, *inter alia*, to withdraw and dismiss Specification 4 of Charge II and to amend Specification 5 of Charge II to reflect the larger timeframe. The trial counsel confirmed that Specification 4 of Charge II had been dismissed and that Specification 5 of Charge II had been amended and the date changed. The military

judge did not make a new announcement of findings for Specification 5 of Charge II after it was amended.

In summary, the military judge did not announce a finding as to the excepted words "26 September 2017" from Specification 5 of Charge II and did not announce any finding for Specification 5 of Charge II after it had been amended. This was error.

## II. DISCUSSION

This court long ago accepted as a substantial right of an accused "the right to announcement of all findings in open court." *United States v. Timmerman*, 28 M.J. 531, 536 (A.F.C.M.R. 1989). "However, though an error which affects a substantial right of an accused is presumptively prejudicial, 'the presumption may yield to *compelling* evidence in the record that no harm actually resulted.'" *Id.* (citing *United States v. Boland*, 42 C.M.R. 275, 278 (C.M.A. 1970)). "In this regard we look to the record as a whole to determine the intent of the trial court with respect to announcement of the findings." *Id.* (citations omitted).

We are convinced the military judge in Appellant's case determined that Appellant was guilty of Specification 5 of Charge II, not as it was originally charged, but as Appellant pleaded and as it was amended pursuant to the PTA. Likewise, it was clear the military judge intended to so announce in her findings. Thus, we conclude Appellant has suffered no harm as a result of the military judge's erroneous announcement of findings.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[2]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

[2] The Court-Martial Order (CMO) does not accurately reflect Appellant's plea or the announced finding for Specification 5 of Charge II. We direct the CMO be corrected.