# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39432**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Frank A. MURRAY**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 January 2019

————————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 15 December 2017 by GCM convened at Vandenberg Air Force Base, California.

*For Appellant:* Major Mark J. Schwartz.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

In accordance with Appellant's plea pursuant to a pretrial agreement (PTA), a general court-martial composed of a military judge found Appellant guilty of nine specifications for violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 13 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. Consistent

with the terms of the PTA, the convening authority approved only 12 months of confinement and approved the remainder of the sentence.

This case was submitted for our review on its merits without assignment of error. During our review we noted the military judge failed to announce a finding for a specification of wrongful use of marijuana after Appellant entered a plea of not guilty to the specification in accordance with the PTA. Instead of announcing a finding, the military judge treated the specification as withdrawn and dismissed, which was not in accordance with the PTA. We determined that, under the circumstances of this case, the military judge erred in failing to announce a finding of not guilty for the specification, but Appellant was not prejudiced by the error. Thus, we find no error materially prejudicial to a substantial right of Appellant, and affirm the findings and sentence.

## I. BACKGROUND

Appellant was charged with ten specifications for violations of Article 112a, UCMJ. Specification 4 alleged that Appellant wrongfully used marijuana. The PTA between Appellant and the convening authority addressed Specification 4: Appellant agreed to plead not guilty to Specification 4 and the convening authority agreed to direct the Government "not to offer additional evidence" to prove Specification 4.

One week after the parties signed the PTA, trial counsel lined through Specification 4 on the charge sheet in the manner used to indicate withdrawal, with or without dismissal, but did not indicate if the specification was withdrawn and dismissed.[1] Trial counsel did so even though the convening authority did not agree to withdraw and dismiss Specification 4 as part of the PTA or pursuant to any document in the record. Two days before trial, trial counsel made a second change to the charge sheet and renumbered Specifications 5 through 10 as 4 through 9, respectively.

---

[1] Trial counsel drew a single diagonal line through Specification 4 and wrote his initials and the date. To indicate the withdrawal of a specification,

> [T]rial counsel should line through the affected charge or specification, *specify the disposition* and the date, and initial the action taken. (e.g., "Withdrawn on 15 Sep 11, [initials]"). If the convening authority directs both withdrawal and dismissal of a particular charge and/or specification, both actions should be reflected accordingly (e.g., "Withdrawn and Dismissed on 15 Sep 11, [initials]").

Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 7.3.2 (8 Dec. 2017) (alterations in original) (emphasis added).

When the court-martial convened, the military judge observed that "the government already lined out the portions on the charge sheet with regards to Specification 4" and asked trial counsel, "[I]s the government's intention for post-trial purposes that [Specification 4 is] withdrawn and dismissed with prejudice . . . ?" Trial counsel answered in the affirmative.

When Appellant was arraigned, he entered pleas in accordance with the PTA, including a plea of not guilty for Specification 4. After the guilty plea inquiry, the military judge did review the PTA provisions for Specification 4 with Appellant, but did not ask either party how the provisions could be reconciled with trial counsel's earlier indication of the Government's intent to withdraw and dismiss Specification 4. After accepting the PTA and Appellant's plea of guilty to the other nine specifications of the charge, the military judge announced guilty findings for Specifications 1–3 and 5–10, but did not announce a finding for Specification 4. Instead, the military judge queried, "Counsel, just for clarification for you and for the record, *by virtue of the PTA* and how the convening authority chose to dispose of . . . Specification 4, . . . I did not make [a] finding[ ] . . . because [the specification was] . . . already previously withdrawn and dismissed *in accordance with the PTA*. Is that counsel's understanding?" (Emphasis added.) Both counsel replied in the affirmative.

The staff judge advocate's recommendation (SJAR) discussed the PTA, but not its provisions for Specification 4. The report of result of trial attached to the SJAR indicated that Appellant pleaded not guilty to Specification 4 and that it was withdrawn and dismissed. Consistent with the terms of the PTA, the convening authority approved only 12 months of confinement, but otherwise took action that approved the sentence as adjudged.

## II. DISCUSSION

This court long ago accepted as a substantial right of an accused "the right to announcement of all findings in open court." *United States v. Timmerman*, 28 M.J. 531, 536 (A.F.C.M.R. 1989). "However, though an error which affects a substantial right of an accused is presumptively prejudicial, 'the presumption may yield to *compelling* evidence in the record that no harm actually resulted.'" *Id.* (citing *United States v. Boland*, 42 C.M.R. 275, 278 (C.M.A. 1970)). "In this regard we look to the record as a whole to determine the intent of the trial court with respect to announcement of the findings." *Id.* (citations omitted).

We are convinced no harm resulted to Appellant from the military judge's failure to enter a finding of not guilty to Specification 4 because the military judge instead treated Specification 4 as withdrawn and dismissed after Appellant pleaded not guilty to it. Furthermore, the military judge's error did not undermine either Appellant's guilty plea or the PTA, the terms of which both parties abided by: Appellant entered pleas in accordance with the PTA, trial

counsel offered no evidence to prove Specification 4, and the convening authority did not approve more than 12 months of confinement. In addition, Appellant has never—at trial, during post-trial processing, or on appeal—pointed out the military judge's error or claimed prejudice. Thus, we conclude Appellant has suffered no harm as a result of the military judge's failure to announce a finding of not guilty for Specification 4.

Notwithstanding that conclusion, we are still compelled to address the absence of any indication that the convening authority intended to withdraw and dismiss Specification 4 before the military judge decided to treat it as withdrawn and dismissed. Such absence is all the more glaring because the PTA specifically discussed Specification 4, allowed Appellant to plead not guilty to it, and prohibited the Government from offering evidence to prove it. The most that can be presumed from the PTA is that the convening authority intended for Appellant to be found not guilty of Specification 4. Nonetheless, we find that, with the convening authority's action, he agreed to the withdrawal and dismissal of Specification 4 when he implicitly approved the findings and explicitly approved a sentence that accorded with the PTA. *See United States v. Diaz*, 40 M.J. 335, 341 (C.M.A. 1994) (finding that a convening authority's "failure to make any mention of findings in his action silently implies a decision to approve them."). We deem the action legally sufficient. *Cf. United States v. Gaters*, 2018 CCA LEXIS 364, at *6 (A.F. Ct. Crim. App. 20 Jul. 2018) (unpub. op.) (finding that the court's review under Article 66, UCMJ, 10 U.S.C. § 866, is limited to the approved findings and sentence and they must be accurate, "especially where, as here, the inaccuracy operates to the detriment of the appellant.").

Though the military judge's error did not result in harm to Appellant *in this case,* it could have been avoided by the parties prior to trial and should have been identified and corrected after trial.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court