# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39377**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Nathaniel B. NICHOLS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 February 2019

———————————

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 10 August 2017 by GCM convened at Grand Forks Air Force Base, North Dakota.

*For Appellant:* Major Rebecca J. Otey, USAF; Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Sean J. Sullivan, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of two specifications of assault consummated by a battery and one specification of communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. §§ 928, 934. Appellant was also convicted of one specification of assault consummated by a battery contrary to his pleas.* A military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

## I. BACKGROUND

This case was submitted for our review on its merits without assignment of error. Upon our review, we noted an error in the announcement of the findings with respect to Specification 1 of Charge I, which alleged that Appellant:

> Did, at or near Ely, United Kingdom, between on or about 25 June 2016 and on or about 9 July 2016, unlawfully kick Senior Airman [EW] on her leg with his foot and strike Senior Airman [EW] on her leg with his fists.

At the close of the Government's case, trial defense counsel, pursuant to Rule for Courts-Martial (R.C.M.) 917, moved to dismiss the part of Specification 1 of Charge I that alleged Appellant "unlawfully kicked SrA [EW] on her leg with his foot" on the grounds that "no evidence was provided as to where on her body this injury or this event occurred." The Government conceded that there was no evidence Appellant unlawfully kicked SrA EW on her leg with his foot, but cited SrA EW's testimony that Appellant unlawfully kicked her "torso" with his foot and asserted that the military judge could find him guilty by exceptions and substitutions. The military judge eventually found that the "use of exceptions and substitutions would not be a major change." He added, "In that sense the defense's motion under RCM 917 is denied."

Shortly thereafter, the military judge announced the following finding with respect to Specification 1 of Charge I:

---

* One of the assault consummated by a battery specifications was originally charged as aggravated assault on divers occasions, but Appellant pled guilty by exceptions and substitutions to the lesser-included offense (LIO) of assault consummated by a battery on a single occasion. After the Government attempted to prove the charged offense, the military judge found Appellant guilty of the LIO and announced the following special finding: "Specifically, the Court finds that on divers occasions . . . the accused committed an assault upon SrA [EW] by unlawfully strangling her neck with his hands." Because the CMO reflects only that the military judge found Appellant guilty of the LIO but does not specify the actions for which Appellant was convicted, we order the promulgation of a corrected CMO.

Guilty, except for the word "leg" substituting therefore the word "torso." Of the excepted word: Not Guilty; of the substituted word: Guilty.

Despite the word "leg" appearing twice in Specification 1 of Charge I, the military judge's announced findings did not specify whether he excepted the first use of the word "leg" or the second use of the word "leg." Neither party objected to the announcement of findings or requested special findings.

## II. DISCUSSION

This court long ago accepted as a substantial right of an accused "the right to announcement of all findings in open court." *United States v. Timmerman*, 28 M.J. 531, 536 (A.F.C.M.R. 1989). "However, though an error which affects a substantial right of an accused is presumptively prejudicial, 'the presumption may yield to compelling evidence in the record that no harm actually resulted.'" *Id.* (citing *United States v. Boland*, 42 C.M.R. 275, 278 (C.M.A. 1970)). "In this regard we look to the record as a whole to determine the intent of the trial court with respect to announcement of the findings." *Id.* (citations omitted).

We are convinced no harm resulted to Appellant from the military judge's failure to clarify which use of the word "leg" he was excepting and substituting because the record makes clear that the military judge was adopting the Government's recommended course of action to resolve Appellant's R.C.M. 917 motion. Finally, we note that Appellant has never—at trial, during post-trial processing, or on appeal—identified the military judge's error or claimed prejudice. Thus, we conclude Appellant has suffered no harm as a result of the military judge's failure to clarify that his finding of guilty by exceptions and substitutions applied only to the first use of the word leg in Specification 1 of Charge I.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court