UNITED STATES

v.

Frank H. GRAY, 425–31–7055 Seaman
Recruit (E–1), U.S. Navy.

No. NMCM 95 01189.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 22 March 1995.

Decided 14 Feb. 1996.

LT E. Rubiella, JAGC, USNR, Appellate
Defense Counsel.

Maj R.W. Koeneke, USMC, Appellate Government Counsel.

Before DeCICCO, DOMBROSKI and CLARK, JJ.

CLARK, Judge:

The Court, on its own motion, has reconsidered the above-styled case in light of *United States v. Antonelli*, 43 M.J. 183 (1995), the holding of which was not incorporated into the rationale of the earlier decision. The earlier decision is withdrawn in its entirety and the following is issued as the opinion of the Court in this case.

At his special court-martial, before a military judge, the appellant was convicted, pursuant to his pleas, of unauthorized absence for 4 days and wrongful possession of cocaine, in violation of Uniform Code of Military Justice [UCMJ], Articles 86 and 112a, 10 U.S.C. §§ 886 and 912a, respectively. Contrary to his pleas, he was convicted of stealing $6,686.05 in entitlements to Basic Allowance for Quarters [BAQ] and Variable Housing Allowance [VHA], in violation of UCMJ, Article 121, 10 U.S.C. § 921. The convening authority approved the adjudged sentence of confinement for 90 days and a bad-conduct discharge.

The appellant raises the following assignment of error:

THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF LARCENY OF BAQ AND VHA WHERE THE EVIDENCE PRODUCED BY THE GOVERNMENT WAS INSUFFICIENT TO ESTABLISH GUILT BEYOND A REASONABLE DOUBT.

Having examined the record of trial and the briefs of the parties, we find merit in the assignment of error.

Article 66(c), UCMJ, 10 U.S.C. § 866(c), requires this Court to determine not only the legal sufficiency of the evidence, but also its factual sufficiency. The test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987). Applying this test we must "draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. McGinty,* 38 M.J. 131 (C.M.A.1993); *United States v. Blocker,* 32 M.J. 281 (C.M.A.1991).

The essential elements which the government was required to prove beyond a reasonable doubt were:

(1) That the appellant wrongfully obtained[1] or withheld BAQ/VHA entitlements from the United States;

(2) That the entitlements belonged to the United States;

(3) That the entitlements were of a value of $6,686.05; and

(4) That the obtaining or withholding was with the intent permanently to defraud the United States of the use and benefit of the property or permanently to appropriate the property to the appellant's use or the use of someone other than the United States.

Manual for Courts–Martial, 1984 [MCM], Part IV, ¶ 46b(1). Considering the evidence in the light most favorable to the government, we find some evidence that the appellant, through his silence, obtained or withheld overpayments of BAQ/VHA which belonged to the United States. There is some evidence that the overpayments were in excess of $100.00.[2] The circumstances

---

1. This Court is hampered in its efforts to determine upon what theory of culpability the appellant was convicted. In neither the opening statement nor the closing argument is there any indication of the government's theory of the case for larceny, *i.e.,* whether by obtaining or withholding. Since the finder-of-fact was the military judge, there are no instructions for clarification. Neither party requested, and the military judge did not make, special findings. *See* Rule for Courts–Martial 918(b). Therefore, we do not know whether the appellant was convicted of a wrongful obtaining or a wrongful withholding.

2. The Leave and Earning Statements introduced into evidence show the appellant receiving BAQ and VHA totalling $6,616.46, from August 1993 through June 1994. The government's own evidence, however, established that, between July 1993 and February 1994, the appellant was entitled to 25% of his BAQ. For that period of time there is no evidence as to how much of the BAQ

were such that a reasonable fact finder could infer that the appellant intended to keep the allowances.

■ The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the accused's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325. We are not satisfied that the wrongfulness of the obtaining rose to the level of criminality required for a violation of Article 121.

The appellee argues that the appellant was convicted of a wrongful obtaining, attempting thereby to distinguish this case from *United States v. Watkins*, 32 M.J. 527 (A.C.M.R. 1990). This theory of the wrongfulness of the obtaining is based on a perception of the appellant's duty to report the overpayments to his command or the housing office. This Court perceives in this argument an internal inconsistency which creates a reasonable doubt as to the appellant's guilt.

■ At page 5 of the government's brief, the appellee concedes that the appellant did not make any affirmative misrepresentations to obtain the BAQ/VHA. The appellee argues that the appellant's silence constituted a false pretense, relying upon this Court's decisions in *United States v. Johnson*, 39 M.J. 707 (N.M.C.M.R.1993), *affirmed*, 40 M.J. 318 (C.M.A.1994). In that case AA Johnson pleaded guilty to stealing BAQ/VHA, admitting that: (1) he had a duty to report to his command that he had gotten a divorce and moved back into the barracks, becoming no longer entitled to BAQ/VHA; (2) he intentionally failed to do that; and (3) he intended to permanently keep the money he obtained through the false pretense. We find the appellant's case distinguishable on several bases.

Disentitlement through divorce is factually distinct from disentitlement through moving into government housing. In the case of a divorce, no other agency has a duty to report to the command the changed circumstances. The government's evidence in the appellant's

case indicates that the housing office had primary responsibility for reporting the changed circumstances to the appellant's command. Record at 72. We are not persuaded by the evidence that the appellant had an affirmative duty to report to his command that he was no longer entitled to BAQ/VHA, before he became aware that the housing office had not reported it.

■ Although the specification combines into a single specification twenty-two pay periods encompassing 11 months, we must examine the record to see if there is evidence to support a wrongful **obtaining** each time the appellant received the overpayments alleged. It is the nature of obtaining by false pretense that the pretense be false **when made and when the property is obtained.** MCM, ¶ 46c(1)(e). The false pretense must be of a past or existing fact. *Id.* A false representation made after property was obtained will not result in a violation of Article 121. *Id.* Therefore, to support the appellant's conviction under a theory of wrongful obtaining, there must be evidence that a false pretense preceded or accompanied his obtaining each overpayment of BAQ/VHA. We find no such evidence in the record to convince us of the appellant's guilt beyond a reasonable doubt.

■ Having found no support for the government's argument for a wrongful obtaining, and having examined the record on a theory of wrongful withholding, we still have a reasonable doubt as to the appellant's guilt. Furthermore, Courts have consistently held that conviction of larceny of BAQ/VHA cannot stand under a withholding theory alone. *Johnson; United States v. Viverito*, 34 M.J. 872 (A.C.M.R.1992). However, criminal liability may result from withholding BAQ/VHA if *affirmative action* is taken either to ensure the inappropriate continuation of the overpayment or to mislead officials in a way as to co-opt a recoupment. *United States v. Antonelli.*

Unlike the situation in *Johnson*, where AA Johnson pleaded guilty and admitted that he

---

received was overpayment. The value of the total overpayment received is not determinable

from the record before this court.

intended to permanently keep the money, the appellant denied any intent to permanently keep the money. He presented evidence that this type of overpayment had occurred before and that he had simply waited for the Navy to recover the money. Following the earlier overpayment, the Navy had recovered the money, with no disciplinary action taken against the appellant. The government's own witness, DK2 Vargas, testified that, for the overpayments which the appellant was charged with stealing, the Navy had agreed to hold the appellant accountable for repayment of only half the overpayment, attributing the overpayment to "administrative error." Record at 55.

The record contains no evidence that the appellant took affirmative steps to ensure that he would continue to be overpaid, after he discovered that the housing office had failed to report his change of circumstances. *Cf. Antonelli,* 43 M.J. at 183 (SrA Antonelli made an affirmative misrepresentation that he had provided support to his dependents, entitling him to the "with dependents" rate of BAQ which he received). There is persuasive evidence that the appellant did not take any affirmative steps to co-opt a recoupment, but, to the contrary, fully expected the Navy to recoup the overpayments, as it had in the past. *Id.* The appellant's passive conduct, although it may have ramifications relating to dereliction of a duty by omission, does not rise to the same level of criminality as would more affirmative action. *Id.*

We find the totality of the evidence creates a reasonable doubt that the appellant had the *mens rea* necessary for a violation of Article 121.

The findings of guilty of Charge IV and its Specification are set aside and the Charge is dismissed. The remaining findings of guilty are affirmed. We have reassessed the sentence. *United States v. Dresen,* 40 M.J. 462 (C.M.A.1994); *United States v. Jones,* 39 M.J. 315 (C.M.A.1994); *United States v. Reed,* 33 M.J. 98 (C.M.A.1991); *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990); *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). The accused had two prior nonjudicial punishments, separated by less than a week. His enlisted evaluations were remarkable only in their resounding mediocrity. For his convictions of a short period of unauthorized absence and wrongful possession of cocaine, we are confident that, absent the erroneous finding, his sentence would have included, at the very least, a bad-conduct discharge. Therefore, we affirm only so much of the sentence approved on review below as includes a bad-conduct discharge.

Senior Judge DeCICCO and Judge DOMBROSKI concur.