### UNITED STATES

v.

Alan L. JOHNSON, 523–08–9945, Aviation Ordnanceman Airman Apprentice (E–2), U.S. Navy.

#### NMCM 92 2538.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 July 1992.

Decided 23 Nov. 1993.

CDR M.T. Hall, JAGC, USN, Appellate Defense Counsel.

CAPT Brett D. Barkey, USMCR, Appellate Government Counsel.

Before REED, Senior Judge, and LAWRENCE and DeCICCO, JJ.

DeCICCO, Judge:

This case concerns whether appellant providently pleaded guilty to stealing Basic Allowance for Quarters (BAQ) and Variable Housing Allowance (VHA) where he was initially entitled to these allowances, then lost his entitlement, and simply remained silent about the change in his status with the intent to permanently keep the allowances to which he was not entitled. We hold that such pleas are provident under a theory of wrongful obtaining by false pretenses where an accused (1) admits he has a legal duty to correct a previous representation by notifying appropriate authorities; (2) fails to do so; and (3) has the requisite criminal *mens rea* at the time of the obtaining. *United States v. Viverito*, 34 M.J. 872, 875 n. 2 (A.C.M.R. 1992), *pet. denied*, 36 M.J. 76 (C.M.A.1992); *United States v. Dean*, 33 M.J. 505 (A.F.C.M.R.1991).

### Facts

A special court-martial convicted appellant, in accordance with his pleas, of one specification of making a false official statement and eight specifications of larceny in violation of Articles 107 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907 and 921. A military judge sentenced him to be reduced to pay grade E–1, to be confined for 90 days, and to be discharged with a bad-conduct discharge. The convening authority

approved the sentence. Appellant assigns six errors for review.[1]

Appellant pleaded guilty to eight specifications alleged under Article 121, UCMJ, that he, during each of 8 months between 16 August 1991 and 31 March 1992, stole BAQ at the "with dependents" rate and VHA of a specified dollar value. At trial, the military judge advised him of the elements of these offenses as follows:

–that during the dates alleged, he wrongfully obtained certain property, that being BAQ with dependents rate and VHA, from the possession of the Government;

–that this property belonged to the U.S. Government;

–that the specific dollar amount taken was that alleged in the specifications; and

–that the obtaining of the money was with the intent to permanently deprive the Government of the use and benefit of the money or to permanently appropriate it to his own use, or the use and benefit of anybody other than the U.S. Government.

He then advised appellant:

Now as a definitional matter to go along with those four elements I just gave you, I would tell you that obtaining property, in this case money, from the possession of the Government is wrongful if it was obtained by false pretense, and with respect to obtaining money by false pretense, I would tell you that false pretense may be made by any act, word, symbol, or token. It must, in fact, be false when made and when the property is obtained, and it must be knowingly false in the sense that it was made by you without a belief in its truth. A false pretense may occur through silence or failure to correct a known misrepresentation. An individual who knows he is obtaining money with intent to take advantage of the other party's reliance upon the misrepresented fact wrongfully obtains the money. Silence with full knowledge of what is happening is equivalent to a repetition of the statement at the very moment of acquisition of the money.

Record at 8–9.

After admitting that he understood the elements as explained to him and that they described what he did on each of the alleged occasions, appellant stated that he married his wife in June 1991. They moved into off-base civilian housing and appellant properly began to receive BAQ and VHA as of 1 July 1991. Their marriage was short-lived, and they were divorced by order of a Nevada court on 16 August 1991. Appellant moved out of the apartment on 1 August, lived with a friend for 2 weeks, and then moved into the barracks at Naval Air Station, Fallon, Nevada on 16 August. His former spouse moved out of the apartment on 1 September. There were no children.

As the *Care*[2] inquiry progressed, the following colloquy transpired:

MJ: At some point in time, your entitlement to these housing allowances ceased?

ACCUSED: Yes, sir.

---

1. I. THE MILITARY JUDGE ERRED IN ACCEPTING A GUILTY PLEA TO LARCENY OF BAQ AND VHA WHERE APPELLANT WAS INITIALLY LAWFULLY ENTITLED TO THOSE ALLOWANCES BUT THEREAFTER REMAINED SILENT AS TO A CHANGE IN STATUS WHICH WOULD HAVE DISQUALIFIED HIM FROM CONTINUED ENTITLEMENT.

II. SPECIFICATIONS 1 THROUGH 8 ARE AN UNREASONABLE MULTIPLICATION OF CHARGES INASMUCH AS THEY DESCRIBE A SINGLE, CONTINUOUS COURSE OF CONDUCT (THE CONTINUED RECEIPT OF BAQ AT THE "WITH DEPENDENTS" RATE AND VARIABLE HOUSING ALLOWANCE) BASED ON REPRESENTATIONS MADE TO PERSONNEL OFFICIALS PRIOR TO AUGUST 1991.

III. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

IV. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)

V. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

VI. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATION OMITTED.)

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

MJ: And when was that? What occasioned that event?

ACCUSED: It was August 16th of 1991.

MJ: What happened on August the 16th, 1991?

ACCUSED: That was when me and my wife were divorced, and I was supposed to go to PSD [Personnel Support Detachment] and inform them that I was divorced, give them my divorce papers to let them know—or to inform them that I was divorced, and that I should not receive Variable Housing Allowance and Basic Allowance for Quarters no longer; but I never did go in to PSD and I was intending to keep Variable Housing Allowance and Basic Allowance for Quarters forever. I led PSD to believe that I was still married during that time.

Record at 11. The discussion later continued:

MJ: And you were aware of the fact that when the marriage ended, or you moved back into the barracks, that you were required to go up to PSD and stop this entitlement?

ACCUSED: Yes, sir.

MJ: Do you understand that by remaining silent about your non-entitlement to the housing allowance after the 16th of August is the equivalent of a false representation?

ACCUSED: Yes, sir.

MJ: Even though you haven't affirmatively come forward and misrepresented something to the government, you have done so by your silence. Do you understand that?

ACCUSED: Yes, sir.

MJ: Do you have any questions about that at all?

ACCUSED: No, sir.

Record at 12–13.

Appellant concluded his description of the facts by telling the military judge that toward the end of March 1992, PSD was checking on who was living off-base and who was living in the barracks, and appellant's division liaison informed PSD that appellant was living in the barracks. PSD requested appellant to come by to clear up the matter, and he finally informed authorities that he had been improperly receiving the allowances for about 8 months.

Toward the end of the *Care* inquiry, the military judge again asked appellant if he was aware on 16 August 1991 that he was required to come forward and tell the people at PSD that he was divorced. Appellant replied that he knew he was. Record at 13.

*Issue I*

▮ Article 121, UCMJ, consolidates into one article what had been known as common law larceny, embezzlement, and obtaining by false pretenses. *United States v. Antonelli,* 35 M.J. 122 (C.M.A.1992); *United States v. Vorda,* 34 M.J. 725 (N.M.C.M.R. 1991); *Dean.* The Manual for Courts–Martial, United States, 1984 (MCM), defines a false pretense under Article 121, UCMJ, as a false representation of a past or existing fact made by any act, word, symbol, or token. Paragraph 46c(1)(e), Part IV, MCM. A false pretense may also exist by silence or failure to correct a known misrepresentation. *Dean.* One who knows he is obtaining money by reason of a prior statement that, due to changed circumstances, now misrepresents a fact, and knowing that he is under a duty to report the changed circumstances, wrongfully obtains the money if he receives it with the intent to take advantage of the other party's reliance upon the misrepresented fact. *Viverito; Dean.* Silence, therefore, is not always golden, and may constitute false representation under certain circumstances. *United States v. Duffey,* 37 M.J. 511 (A.F.C.M.R.1993).

From the record before us, appellant clearly admitted the following:

1) that he had a duty to report his divorce to PSD and thus his resulting loss of entitlement to BAQ and VHA after 16 August 1991;

2) that he intentionally failed to report this event to PSD until late March, 1992, and thereby failed to prevent overpayment of the allowances;

3) that his intent in remaining silent over nearly an 8–month period was to take advantage of the government's reliance on his earlier representation that he occupied off-base

civilian housing and to forever keep the money to which he was not entitled.

Record at 8–9, 12–13.

Even though appellant made no affirmative misrepresentation on or after 16 August 1991, his silence constituted a false representation sufficient to establish a wrongful obtaining through a false pretense, i.e., that he was still married and entitled to the BAQ and VHA.

Appellant has cited *United States v. Watkins*, 32 M.J. 527 (A.C.M.R.1990) for the proposition that because there was no fraudulent inducement on his part the findings cannot stand. However, *Watkins* is distinguishable for two reasons. First, it is a wrongful withholding case. Various cases have held that convictions of larceny of BAQ and VHA cannot stand on such a theory. *Dean; United States v. Castillo*, 18 M.J. 590 (N.M.C.M.R.1984). Second, unlike appellant, Specialist Four Watkins made two attempts to stop the overpayment of allowances, thereby clearly demonstrating a lack of criminal intent for the offense of larceny.

We note a similar scenario for some of the offenses in *Viverito* where the Army Court of Military Review set aside guilty findings for theft of BAQ where Major Viverito informed his finance office of the overpayment and put the funds in a separate account. Appellant's expressed intent to keep the money forever, and thereby to exploit his situation for as long as possible, could not be more different.

■ One other matter we must address is whether appellant's plea to the eighth specification is provident where he indicated that he reported the loss of his entitlement to the allowances "about one week" before 1 April 1992. Record at 13–14. Specification 8 alleges a larceny from 1 March to 31 March in the amount of $392.43. Due to his disclosure about one week before the end of March, we do not believe he should stand convicted of larceny for the entire month. At that point he, like Watkins and Viverito, no longer had the requisite criminal intent to commit larceny. We will therefore only affirm a conviction of larceny up to 25 March 1992 and reduce the amount wrongfully obtained for the month to $300.87. In all other respects, we find his pleas to be provident.

### Issue II

■ In his second assignment of error, appellant argues that the eight specifications under the larceny charge should be merged into one specification because they describe a continuous course of conduct of receipt of BAQ and VHA over 8 months. The Government chose to charge appellant with one specification for each of the 8 months because the allowances were paid on a monthly basis.

■ What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person. *See,* Discussion following Rule for Courts–Martial 307(c)(4), MCM. What happened here was essentially a single course of theft of Government funds over an extended period and not eight thefts. Therefore, the eight specifications shall be merged into one. We do not find any prejudice to the substantial rights of the appellant because the military judge considered the eight specifications as a single offense for sentencing purposes. Record at 23.

### Issues III–VI

The remaining assignments of error lack merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf*, 35 M.J. 450 (C.M.A. 1992).

### Disposition

In light of the foregoing, we affirm a finding of guilty to Article 121 and a single specification that the appellant did, at Naval Air Station, Fallon, Nevada, from 16 August 1991 to 25 March 1992, steal Basic Allowance for Quarters (with dependents) and Variable Housing Allowance, of a total value of about $2,668.35, property of the U.S. Government. The remaining finding of guilty under Article 107 is also affirmed. Upon reassessment, we apply the principles of *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), and

affirm the sentence as approved on review below.

A new court-martial promulgating order shall be issued to reflect the above modification.

Senior Judge REED and Judge LAWRENCE concur.