UNITED STATES, Appellee

v.

Murali S. KULATHUNGAM, Specialist
U.S. Army, Appellant

No. 99-0967

Crim. App. No. 9700340

United States Court of Appeals for the Armed Forces

Argued October 10, 2000

Decided March 16, 2001

        CRAWFORD, C.J., delivered the opinion of the Court, in
which SULLIVAN, GIERKE, EFFRON, and BAKER, JJ., joined.
SULLIVAN, J., filed a concurring opinion.

Counsel

For Appellant:  Mr. Stephen J. Dunn (argued); Captain
Stephanie L. Haines (on brief); Colonel Adele H. Odegard,
Major Scott R. Morris, and Major Kirsten V. Brunson.

For Appellee:  Major Anthony P. Nicastro (argued); Colonel
Russell S. Estey, Major Patricia A. Ham, and Captain
Kelly D. Haywood (on brief); Captain Paul T. Cygnarowicz.

Military Judge:  Paul L. Johnston

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Before a military judge sitting alone as a general court-martial, appellant pled guilty to conspiracy to commit larceny of government and individual property, larceny of military property, larceny of private property (4 specifications), and housebreaking, in violation of Articles 81, 121, and 130, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 930, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed. We granted review of the following issues:

> I. WHETHER THE MILITARY JUDGE'S FAILURE TO MAKE FINDINGS REGARDING APPELLANT'S GUILT AS TO THE CHARGES AND SPECIFICATIONS PRIOR TO FINAL ADJOURNMENT MATERIALLY PREJUDICED APPELLANT'S SUBSTANTIAL RIGHTS.
>
> II. WHETHER THE MILITARY JUDGE IMPROPERLY ENTERED FINDINGS REGARDING APPELLANT'S GUILT AFTER FINAL ADJOURNMENT IN A POST-TRIAL 39(a) SESSION TO THE SUBSTANTIAL PREJUDICE OF APPELLANT.
>
> III. WHETHER THE GOVERNMENT'S MANUFACTURING OF PART OF THE TRIAL PROCEEDINGS IN THE RECORD OF TRIAL AND THE PROFFERING OF THE RECORD OF TRIAL AS ACCURATE TO THE MILITARY JUDGE FOR AUTHENTICATION SO DIRECTLY IMPACTED UPON APPELLANT'S RIGHTS TO A FAIR AND IMPARTIAL REVIEW BY THE CONVENING AUTHORITY AND THE APPELLATE

2

      COURTS, THAT DISMISSAL WITH PREJUDICE IS
      WARRANTED.

For the reasons stated herein, we affirm.

FACTS

After appellant pled guilty to the offenses, the military judge conducted a detailed inquiry to ensure appellant's pleas were knowing and voluntary. During the inquiry, the judge determined that appellant understood all the elements of each offense, and that by pleading guilty he waived his rights to plead not guilty, to present evidence, and to testify under oath. To guarantee appellant understood these things, and to further ensure his guilty pleas were not the result of force or threats, the military judge personally addressed appellant throughout the entire process.

The military judge also conducted a thorough inquiry into a written pretrial agreement between appellant and the Government in which appellant agreed to plead guilty in exchange for the Government placing a limit on his punishment. The military judge then specifically informed appellant, "[Y]our plea of guilty is provident and is accepted." When this process was complete, the military judge proceeded immediately with the sentencing phase of appellant's trial, rather than first announcing the

3

findings as he was required to do.  Trial counsel did not point this out, while defense counsel admitted in a post-trial affidavit that he noticed the military judge's omission but decided, for tactical reasons, not to mention the omission to the military judge or the convening authority.

After trial, trial counsel and the court reporter agreed to insert the findings into the record without informing the military judge, and they did so.  When this was discovered, a post-trial proceeding in revision was conducted at which the military judge officially announced the findings of guilty.  His prior failure to do so was his only departure from the procedural rules governing courts-martial.

## DISCUSSION

Article 54(c)(1)(A), UCMJ, 10 USC § 854(c)(1)(A), requires a verbatim record of trial in a general court martial "in which the sentence adjudged" includes a punitive discharge.  This record of trial "shall be authenticated by the signature of the military judge." Art. 54(a).  The accuracy of the verbatim record is important because it facilitates appellate review and instills confidence in the military justice system.  To ensure accuracy, the UCMJ has always required a copy of the

4

United States v. Kulathungam, No. 99-0967/AR

record to be served on the accused.  Art. 54(d); Art.

54(c), Act of May 5, 1950, Pub.L.No. 89-506, 64 Stat. 107,

125; H.R. Rep. No. 491, 81st Cong., lst Sess. 27 (1949).

The Manual for Courts-Martial places responsibility on

trial counsel for the preparation of a verbatim record of

trial.  RCM 808 & 1103(b)(1), Manual for Courts-Martial,

United States (1995 ed.).  If there is "an apparent error

[or] omission ... by the court-martial," a post-trial

proceeding in revision may be held, provided the omission

does not materially prejudice the rights of the accused.

RCM 1102(b)(1).  Certainly, it is inappropriate for a trial

counsel to add to the record of trial things that were not

said or done at the court-martial.  However, such

misconduct[1] does not require reversal when there is no

impact on the pleas or the sentence.  Cf. Bank of Nova

Scotia v. United States, 487 U.S. 250 (1988)(trial court

lacks authority to dismiss an indictment based on alleged

prosecutorial misconduct without an actual showing of

prejudice); United States v. Williams, 504 U.S. 36, 46-47

(1992)(reversed a Tenth Circuit ruling sustaining a

dismissal of an indictment because of the prosecutor's

failure to disclose to the grand jury exculpatory evidence

---

[1] Army Regulation 27-26, Rules of Professional Conduct for Lawyers (1 May 1992), adopts in substance the ABA Model Rules of Professional Conduct (1983).

5

possessed by the Government, but left open the door for "enforcing or vindicating" conduct that is proscribed by rule, statute, or the Constitution).

This is not the first time there has been an omission at trial. In <u>United States v. Mayfield</u>, 45 MJ 176 (1996), the judge noticed after the trial that there was no timely, oral or written request for trial by judge alone. He appropriately directed a post-trial session to correct the omission from the record. That could easily have been done here, because prior to the omission by the judge as to findings, he spent more than 30 minutes to an hour going over in detail all the elements of each offense, and ensuring that appellant understood them and agreed his conduct violated them. Moreover, appellant then described in his own words exactly how he committed each and every offense. As a result, there was simply no doubt among any of the parties at trial that appellant had committed the charged offenses and had pled guilty in order to benefit from a pretrial agreement which again listed each of the offenses to which he was pleading guilty.

In this case, trial counsel should have called the omission to the attention of the military judge. If this situation should arise again, trial counsel should seek advice from the military judge or a more experienced

attorney to avoid the "train wreck" that occurred in this case.  In any event, we hold that the errors in this case did not substantially prejudice appellant.

The decision of the United States Army Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring):


I agree with the outcome of the majority opinion and write separately to highlight the actions of the trial counsel (a member of the Bar) and the court reporter (a senior non-commissioned officer, E-7, with 11 years of active service). The trial counsel and the court reporter, discovering that the judge forgot to announce the "findings" during the trial, inserted the missing actions and words of the judge into the record of trial. They corrected the record to reflect that a critical portion of the trial ("announcement of the findings") happened when it did not.


At the conclusion of the providence inquiry, including a discussion of the pretrial agreement, the record of trial as originally authenticated states the following:

> MJ: Thank you. Specialist Murali Kulathungam, I find that your plea of guilty is made voluntarily and with full knowledge of its meaning and effect. I further find that you have knowingly, intelligently, and consciously waived your rights against self-incrimination; to a trial of the facts by a court-martial; and to be confronted by the witnesses against you. Accordingly, your plea of guilty is provident and is accepted. However, I advise you that you may request to withdraw your guilty plea at any time before the sentence is announced, and if you have a good reason for your request, I will grant it.

> **Accused and counsel please rise.**
>
> **[ACC and counsel did as directed.]**
>
> **Specialist Murali Kulathungam, in accordance with your plea of guilty, this court finds you:**
>
> **FINDINGS**
>
> **Of Charge I and its Specifications: Guilty;**
> **Of the Specification of Charge II and Charge II:  Guilty; and**
> **Of the Additional Charge and its Specification: Guilty.**
>
> **Please be seated.**
>
> **[ACC and counsel resumed their seats]**

(Emphasis added) (R. 57-58).  Trial counsel approved the court reporter's suggestion that the matters in bold be added to the record.  Trial counsel also failed to notify the military judge or defense counsel about these additions, and the military judge authenticated this record without being informed of them.  See RCM 1103(i) Manual for Courts-Martial, United States (1995 ed.) (duty of trial counsel to ensure an accurate record).

This was not a "train wreck" (which implies an accident), but an intentional false alteration of an official document (the record of trial).  I think most judges and attorneys would condemn such conduct.  Our justice system must function on the basis of law and facts, not expediency and deception.  Although

2

there was an error here, the error did not materially prejudice the substantial rights of the accused.  Article 59(a), UCMJ, 10 USC § 859(a).  Accordingly, I would affirm.