UNITED STATES, Appellee,

v.

Sergeant Melvin **PERKINS**, United States Army, Appellant.

ARMY 9901122.

U.S. Army Court of Criminal Appeals.

26 Sept. 2001.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Major Mary M. McCord, JA; Captain Jimmonique R.S. Rodgers, JA (on brief).

For Appellee: Colonel David L. Hayden, JA; Major Anthony P. Nicastro, JA; Major Paul T. Cygnarowicz, JA (on brief).

Before CAIRNS, Senior Judge, CHAPMAN, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT

CHAPMAN, Judge:

A military judge, sitting as a special court-martial empowered to adjudge a bad-conduct

discharge, convicted the appellant, pursuant to his pleas, of signing and making false official statements (two specifications), larceny of military property (three specifications), fraud against the United States, and obtaining services under false pretenses (two specifications), in violation of Articles 107, 121, 132, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 932, and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for five months, and reduction to Private E1. This case is before this court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant urges that we set aside and dismiss his conviction of Specification 3 of Charge II (larceny), because the military judge failed to properly announce a finding of guilty as to that specification and charge. The appellant also asserts, pursuant to *United States v. Grostefon,*[1] that the military judge erred by accepting his plea of guilty to obtaining services under false pretenses when he failed to advise government housing officials that he was divorced and no longer entitled to government provided housing. We disagree that either issue entitles the appellant to relief.

## I. ERROR IN ANNOUNCING FINDINGS

### FACTS

Between 4 November 1994 and 31 August 1999, while stationed at Fort Stewart, Georgia; Camp Casey, Republic of Korea; and Fort Lewis, Washington; the appellant, in a continuing scheme of deceit and lies, unlawfully received family separation allowance (FSA), basic allowance for housing (BAH), and dependent travel expenses.[2] He also twice occupied government quarters knowing that he had no authority to do so. The appellant stole these funds and obtained these services by fraudulently claiming that he was

married. These acts led to the referral of the instant charges.

The appellant pled guilty, *inter alia,* to Specification 3 of Charge II, which alleged that he stole dependent travel entitlements in violation of Article 121, UCMJ. The military judge conducted a comprehensive providence inquiry pursuant to *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). During that inquiry, the appellant admitted each element of the offense and described in his own words exactly how he committed every element. The military judge also conducted a thorough inquiry into a written pretrial agreement between the appellant and the convening authority. In the quantum portion of that agreement, the appellant agreed to plead guilty to this specification and charge, among others, in exchange for the government's promise to refer the case to a special court-martial empowered to adjudge a bad-conduct discharge. At the close of the providence inquiry, the military judge announced on the record that she found the appellant's pleas of guilty provident and that she accepted them.

In accordance with the appellant's pleas, the military judge then made the following findings (emphasis added):

| | |
|---|---|
| Of Specification 1 of Charge I: | Guilty. |
| Of Specification 3 of Charge I: | Guilty.[3] |
| And of Charge I: | Guilty. |
| | |
| Of Specification 1 of Charge II: | Guilty. |
| Of Specification 2 of Charge II: | Guilty. |
| Of Specification 3 of Charge III[sic]: | Guilty. |
| And of Charge III[sic]: | Guilty. |
| | |
| Of The Specification of Charge III: | Guilty. |
| And of Charge III: | Guilty. |
| | |
| Of Specification 1 of Charge IV: | Guilty. |
| Of Specification 2 of Charge IV: | Guilty. |
| And of Charge IV: | Guilty. |

The military judge inadvertently and mistakenly made a finding of guilty to Specification 3 of Charge III and Charge III instead of Specification 3 of Charge II and Charge II. The military judge failed to discover the error prior to her authentication of the rec-

---

**1.** *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

**2.** These allowances and expenses were of a total value of about $9,515.61, property of the U.S. Government.

**3.** Specification 2 of Charge I was previously dismissed pursuant to a government motion.

ord. Although the staff judge advocate's recommendation (SJAR) advised the convening authority that the appellant had pled guilty to Specification 3 of Charge **II**, the SJAR failed to mention the military judge's error. Unfortunately, because of the failures of the military judge and the staff judge advocate to detect the error, no proceeding in revision was ordered pursuant to Rule for Courts Martial 1102 [hereinafter R.C.M.] to correct the findings.

## LAW

■ Article 53, UCMJ, 10 U.S.C. § 853, and R.C.M. 922(a) require that a court-martial announce its findings to the parties promptly in open court after they have been determined. This court has held that "the statutory right of announcement of all findings in open court is a substantial right of the accused." *United States v. Dilday,* 47 C.M.R. 172, 174 (A.C.M.R.1973). We recognized in *Dilday,* however, that not all errors in the announcement of findings materially prejudice this substantial right. *Id.* at 173; *see also United States v. Kolodjay,* 53 M.J. 732, 734 (Army Ct.Crim.App.1999), *petition denied,* 55 M.J. 360 (CAAF 2001); *United States v. Moser,* 23 M.J. 568 (A.C.M.R.1986), *set aside on other grounds,* 26 M.J. 170 (C.M.A.1988); *United States v. Jones,* 46 M.J. 815, 816–17 (N.M.Ct.Crim.App.1997); *United States v. Timmerman,* 28 M.J. 531 (A.F.C.M.R.1989); *see generally United States v. Kulathungam,* 54 M.J. 386 (2001). "[I]naccuracies in a verdict have been held to be immaterial if the intention is evident from the record." *United States v. Johnson,* 22 M.J. 945, 946 (A.C.M.R.1986) (citation omitted). The announcement of a verdict "is sufficient if it decides the questions in issue in such a way as to enable the court intelligently to base judgment thereon and can form the basis for a bar to subsequent prosecution for the same offense." *Dilday,* 47 C.M.R. at 173. "[A] verdict must be certain and convey a definite meaning free from any

ambiguity, and although defective in form, if it conveys the manifest intention of the jury, when viewed as a whole, minor irregularities constitute no grounds for reversal." *Id.* (citations omitted).

## DISCUSSION

■ In the instant case, it is clear to us that the military judge simply misspoke, intending to say Charge II instead of Charge III.[4] This conclusion is consistent with the appellant's pleas and his statements during a thorough providence inquiry that he understood all the elements of this particular offense and described how he committed the offense. Thus, there can be no doubt that the appellant committed the charged offense and pled guilty in order to benefit from the terms of a pretrial agreement which, again, listed Specification 3 of Charge II as one of the offenses to which he agreed to plead guilty. The clear intent of the military judge, and the understanding of her intent by all the parties at trial, was to find the appellant guilty of Specification 3 of Charge II and Charge II. The announcement of the military judge, under the circumstances of this case, is sufficient to intelligently discern the basis for the findings and is adequate to bar a subsequent prosecution for the same offense. Under these facts, we find no error materially prejudicial to a substantial right of the appellant. *See* UCMJ art. 59(a), 10 U.S.C. § 859.

## II. OBTAINING SERVICES UNDER FALSE PRETENSES

■ The appellant also asserts, pursuant to *Grostefon,* that the military judge erred by accepting the appellant's plea of guilty to Specification 1 of Charge IV (obtaining services under false pretenses). Although we find no grounds for relief, we take this opportunity to adopt formally[5] the position already taken by two of the other service

---

4. We should note that the military judge properly stated that she found the appellant guilty of the Specification of Charge III and of Charge III immediately after she incorrectly mentioned Charge III in announcing findings to Charge II.

5. This court previously indicated that it was "cognizant of the theory that a wrongful obtaining may also be proven when an accused fails to correct a previous representation of status entitling him to additional allowances or payments." *United States v. Viverito,* 34 M.J. 872, 875 n. 2 (A.C.M.R.1992).

courts of criminal appeals in *United States v. Johnson*, 39 M.J. 707 (N.M.C.M.R.1993), *aff'd*, 40 M.J. 318 (C.M.A.1994), and *United States v. Dean*, 33 M.J. 505 (A.F.C.M.R. 1991), that a false pretense may exist by one's silence or by a failure to correct a known misrepresentation.[6]

## FACTS

The appellant pled guilty to obtaining services under false pretenses. The specification alleged that the appellant obtained the use of government quarters at Fort Stewart, Georgia, between 4 November 1994 and 14 January 1998 by misrepresenting that he was married, when in fact, he was divorced. Prior to his divorce, the appellant occupied these government quarters between May or June of 1994 and 3 November 1994. The appellant admits, however, that he was no longer entitled to reside in government quarters after his divorce became final on 3 November 1994. He also agrees that he had a duty to inform the installation housing office or his chain of command of his change of marital status and that he intentionally failed to do so. He remained in government quarters at Fort Stewart until 14 January 1998, when he returned to Korea pursuant to orders.

The appellant argues, however, that in order to sustain a finding of guilty to obtaining services by false pretenses under Article 134, UCMJ, the false representation must have been made when the appellant originally signed for the quarters, sometime in May or June of 1994. Because the appellant was still married at that time, he did not make any false representations to obtain housing. The appellant argues further that he never affirmatively represented anything to the housing office or to his chain of command after his initial true representation that he was married. Given these facts, the appellant maintains that he cannot be found guilty of obtaining services under false pretenses. We disagree.

6. Although these two cases deal with larceny by false pretenses under Article 121, UCMJ, the *Manual for Courts Martial, United States* (1998 ed.), Part IV, para. 78c, recognizes the close relationship between the offenses of larceny by

## LAW AND DISCUSSION

The offense of obtaining services by false pretenses under Article 134, UCMJ, is similar to larceny by false pretenses under Article 121, UCMJ. *See generally United States v. Caver*, 41 M.J. 556, 565 (N.M.Ct.Crim.App. 1994); *Flowerday*, 28 M.J. at 707. The *Manual for Courts Martial, United States* (1998 ed.), Part IV, para. 46c(1)(e), defines a false pretense with respect to larceny (Article 121, UCMJ), as a false representation of a past or existing fact by means of any act, word, symbol, or token. "A false pretense may also exist by silence or failure to correct a known misrepresentation." *Johnson*, 39 M.J. at 710; *see also Dean*, 33 M.J. at 510. In *Johnson*, the appellant lawfully received Basic Allowance for Quarters (BAQ) and Variable Housing Allowance (VHA) while married; however, after his divorce, he failed to inform the Personnel Support Detachment of his change in marital status. As a result, he continued to receive VHA and BAQ when he was no longer entitled to said housing allowances. Our sister court in *Johnson* held that the appellant's "silence constituted a false representation sufficient to establish a wrongful obtaining through a false pretense, i.e., that he was still married and entitled to the BAQ and VHA." *Johnson*, 39 M.J. at 711.

In the present case, the appellant's intent at the time of the offense is clear. He knew that he had a duty to inform the housing office or his chain of command of his change of marital status, i.e., that he was no longer married. He intentionally failed to report this fact knowing that if he did so, he would no longer be eligible for government quarters. The appellant remained silent in order to continue to use services that he was not entitled to receive. We hold that, even though the appellant made no affirmative misrepresentation, his silence when his divorce became final, and his subsequent failure to correct a known misrepresentation when he had a duty to do so, constituted a

false pretenses and the offense of obtaining services under false pretenses under Article 134, UCMJ. *See United States v. Flowerday*, 28 M.J. 705, 707 (A.F.C.M.R.1989).

false representation sufficient to establish that he wrongfully obtained services under false pretenses. We are satisfied that the appellant was fully aware that he no longer had the authority to occupy government housing and, by his silence and inaction, exhibited the requisite criminal intent, *mens rea*, to defraud. Therefore, we find that the appellant's guilty plea to Specification 1 of Charge IV is provident; accordingly, there is no substantial basis in law or fact to disturb this guilty plea. *See United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991); *see also United States v. Eberle*, 44 M.J. 374, 375 (1996).

The remaining *Grostefon* matters raised by the appellant are also without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge BROWN concur.