UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class STEVEN E. WALKER
 United States Army, Appellant

 ARMY 20071167

 19th Sustainment Command (Expeditionary)
 Donna M. Wright, Military Judge
 Lieutenant Colonel Imogene M. Jamison, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace Gallagher, JA; Captain Pamela Perillo,
JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Major Lisa L. Gumbs, JA; Captain Christopher R. Clements, JA
(on brief).

 31 October 2008

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. Appellant was found
guilty, pursuant to his pleas, of numerous larcenies in violation of
Article 121, UCMJ, and several other offenses. For one of the larcenies,
however, appellant pled guilty by exceptions and substitutions to the
lesser included offense of attempted larceny. Prior to findings, the
language of that specification was amended to conform to appellant’s pleas.
 Despite the change in language of the specification, the military judge
failed to amend the charge from Article 121, UCMJ, to Article 80, UCMJ, as
required. Accordingly, we take corrective action and amend the finding of
guilty of Additional Charge I to reflect a violation of Article 80, UCMJ.
See United States v. Perkins, 56 M.J. 825, 827 (Army Ct. Crim App. 2001)
(quotation marks and citation omitted) (“[A] verdict is sufficient if it
decides the questions in issue in such a way as to enable the court
intelligently to base judgment thereon and can form the basis for a bar to
subsequent prosecution for the same offense.”).

 We note an additional error. The Staff Judge Advocate failed to
inform the convening authority of fifteen days of confinement credit
ordered by the military judge and the action also failed to include the
credit. See Army Reg. 27-10, Legal Services: Military Justice, para. 5-
32a (16 Nov. 2005) (requiring a convening authority to “show in [the]
initial action all credits against a sentence to confinement . . .
regardless of the source of the credit . . . or for any . . . reason
specified by the judge”); United States v. Delvalle, 55 M.J. 648, 649 n.1,
656 (Army Ct. Crim. App. 2001); United States v. Arab, 55 M.J. 508, 510
n.2, 520 (Army Ct. Crim. App. 2001). Accordingly, to the extent appellant
has not already received this credit, appellant will be credited with
fifteen days of confinement credit.

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. Reassessing the sentence on the basis of the
error noted and the entire record, and applying the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1988) and United States v. Moffeit, 63
M.J. 40, 43 (C.A.A.F. 2006), including Judge Baker’s concurring opinion,
the sentence is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court