UNITED STATES of America

v.

Daniel V. TREW, Machinist's Mate
First Class (E–6), U.S. Navy.

NMCCA 200800250.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 9 Jan. 2008.

30 Dec. 2008.

For Appellant: Capt Sridhar Kaza,
USMC.

For Appellee: LT Timothy Delgado,
JAGC, USN.

Before O'TOOLE, Chief Judge, GEISER,
Senior Judge, and KELLY, Appellate
Military Judge.

## PUBLISHED OPINION OF THE COURT

GEISER, Senior Judge:

A military judge, sitting as a general
court-martial, convicted the appellant, con-
trary to his pleas, of assault consummated by
a battery upon a child under 16 years, in
violation of Article 128, Uniform Code of
Military Justice, 10 U.S.C. § 928. The ap-

proved sentence was confinement for 18 months and a bad-conduct discharge.

On appeal, the appellant asserts that the military judge's findings of guilty were fatally ambiguous and should be set aside with prejudice. After considering the record of trial, the appellant's assignment of error, the Government's answer, and the oral arguments of the parties, we conclude that, aside from our exception of a portion of the language in the specification,[1] the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Background

The appellant was charged with a single specification of indecent acts with his 15–year–old stepdaughter, KT on divers occasions, between 1 March 2006 and 15 October 2006. Prior to trial, the appellant moved to suppress a prior inculpatory sworn statement he made to investigators, due to a lack of corroboration. In pertinent part, the appellant's statement read:

> **For the last year or so I have occasionally gone into [KT's] room at night or in the morning before I go to work while she slept ... On two occasions about six months ago I put my hand on [KT's] breasts....** On the morning of 26 Sep 06, I went into [KT's] room while she slept.

Appellate Exhibit XIX at 13 (emphasis added). After taking evidence, the military judge suppressed the bolded portion of the challenged statement for lack of corroboration. Record at 22; Prosecution Exhibit 3. The remainder of the entire statement, which the military judge found had been adequately corroborated, referred only to a single instance of improper touching which occurred on the morning of 26 September 2006.

At trial, KT testified regarding the 26 September 2006 incident.[2] After describing the improper touching of the morning of 26 September, she further testified, without defense objection, to recalling she had been touched "the morning before" in a similar manner. Record at 223. Although she didn't specifically see the appellant on this occasion, she surmised it must have been him based on the height of her loft bed and the size of the hands. *Id.* at 223–24.

When the military judge announced findings, she stated that she found the accused "[n]ot Guilty, but Guilty of the lesser included offense of Article 128, assault consummated by a battery upon a child under 16 years...." *Id.* at 252. Prior to recessing, the trial counsel asked the military judge to clarify whether her "findings of the LIO under Article 128" were for "divers occasions as charged" or just for one event. *Id.* at 256. The military judge responded that "It is on the one occasion." *Id.*

### Discussion

 Announcement of findings in open court is a substantial statutory right of the accused.[3] *United States v. Perkins,* 56 M.J. 825, 827 (Army Ct.Crim.App.2001). Not every error in the announcement of findings materially prejudices this substantial right, however. *Id.* The announcement of a verdict is sufficient if it decides the questions at issue in such a way as to " 'enable the court intelligently to base judgment thereon' " and forms " 'the basis for a bar to subsequent prosecution for the same offense.' " *Id.* at 827 (quoting *United States v. Dilday,* 47 C.M.R. 172, 173, 1973 WL 14692 (A.C.M.R. 1973)). At issue then is whether resolution of the alleged ambiguity requires us to contextually assess evidence of the offense or to weigh the terminology used by the fact-finder. This is a critical distinction.

---

**1.** Although not raised by the appellant, the Government brief concedes that no evidence was presented that the appellant ever touched the victim's breasts or "genitalia" as alleged in the specification. We will take appropriate action in our decretal paragraph.

**2.** KT testified that she awakened on the morning of 26 September 2006 to find the appellant "rubbing my legs, the inside of my thigh and my

butt." When "I turned over ... I could see him." Record at 218.

**3.** "A court-martial shall announce its findings and sentence to the parties as soon as determined." Article 53, UCMJ, 10 U.S.C. § 853; RULE FOR COURTS-MARTIAL 922(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.).

In *United States v. Walters*, 58 M.J. 391 (C.A.A.F.2003), for example, an accused was charged with a single specification alleging use of marijuana "on divers occasions." The Government introduced evidence of six separate uses within the charged time period. The members returned a verdict excepting the words "on divers occasions" but did not articulate which of the alleged wrongful uses the appellant had been found guilty of and which five he had been found not guilty of. The Air Force Court of Criminal Appeals (CCA) purported to use its Article 66(c), UCMJ, fact-finding power to evaluate the evidence in an effort to resolve the ambiguity.

█ On further appeal, the Court of Appeals for the Armed Forces (CAAF) reversed noting that a CCA may not conduct a factual sufficiency review when it is unclear which instances of alleged misconduct the appellant was found guilty of and which he was found not guilty of. The essence of the court's holding was that when findings do not disclose the particular single occasion on which the conviction was based, a CCA is powerless to use its fact finding power to resolve the issue. *See also United States v. Augspurger*, 61 M.J. 189 (C.A.A.F.2005); *United States v. Seider*, 60 M.J. 36 (C.A.A.F.2004).

The cases above can be distinguished, however, from cases in which an evaluation of the meaning of the words used in the findings are assessed in the context of the trial. The court in *United States v. Downs*, 15 C.M.R. 8, 1954 WL 2242 (C.M.A.1954) made this distinction clear when it held that a law officer's request for clarification of the president's findings announcement was not a reconsideration of the verdict, but simply recasting the language that was originally intended.

More recently, in a military judge alone guilty plea case, the Army CCA looked to the record to determine a military judge's intention when she inadvertently misstated the number of the charge in her findings. *Perkins*, 56 M.J. at 827. The court noted that "[i]naccuracies in a verdict [are] immaterial if the intention is evident from the record." *Id.* (quoting *United States v. Johnson*, 22 M.J. 945, 946 (A.C.M.R.1986)). Unlike *Walters*,

the *Perkins* court did not evaluate evidence in an attempt to dispel factual ambiguity, but rather considered the record as a whole to clarify the meaning and intent of the military judge's words.

█ In the instant case, the military judge announced unambiguous general findings. As the defense correctly asserts, however, potential ambiguity crept into the record when the military judge later responded to a prosecution request for clarification by making reference to "the one occasion" as opposed to the divers occasions reflected in the specification. Record at 256.

Having carefully examined the record, we note that the two instances of conduct at issue were first discussed during a pretrial defense motion to suppress the appellant's inculpatory statement to investigators based on a lack of corroboration. During the colloquy surrounding that motion, the military judge and counsel repeatedly referred to the 26 September 2006 touching as "the September incident." *Id.* at 19. The military judge stated that "it seems clear that the corroboration in the alleged victim statement *certainly corroborates the September incident.*" *Id.* (emphasis added). The prosecutor repeated a variation of the same abbreviated reference when he stated that the victim's testimony "corroborates the *late September incident* ..." *Id.* (emphasis added). Later, during her ruling, the military judge again stated that there was sufficient corroboration for "the September 2006 incident" but insufficient corroboration for the appellant's confession to any earlier touching. *Id.* at 22. This shorthand reference was yet again adopted by the civilian defense counsel (CDC) during his closing argument when he stated that "[t]he defense would argue that the government has failed to establish, other than *the one incident,* which is the one of 26 September 2006." *Id.* at 246 (emphasis added).

These repeated shorthand references to the 26 September 2006 incident provide a clear context to evaluate the military judge's attempted clarification of her findings announcement. When the military judge stated that it was "on the one occasion," it was

clearly understood by the parties that she was continuing to use the shorthand reference to the wrongful touching of 26 September 2006. *Id.* at 256. This understanding was apparent from the fact that further clarification was not requested by the parties.

We find that this is not a case where we had "simply no indication . . . as to the factual basis for [the] findings of guilty and not guilty." *Augspurger,* 61 M.J. at 192. Rather, we find the words used by the military judge to frame her findings were not ambiguous when placed in the context of the entire record. It is clear that the military judge, counsel, and the appellant all understood, and, at various times, used essentially the same shorthand reference ultimately adopted by the military judge. We, therefore, find that the military judge's announcement of the findings, while irregular, clearly referred to the single incident on 26 September 2006.

### Conclusion

The findings are affirmed except the words, "on divers occasions," the word "genitalia," and the words "and breasts." The findings as to the excepted language are set aside and the excepted language is dismissed.

In view of our action on the findings, we have reassessed the sentence in accordance with *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), *United States v. Cook,* 48 M.J. 434, 438 (C.A.A.F.1998), and *United States v. Moffeit,* 63 M.J. 40 (C.A.A.F.2006). We note that our corrective action does not create a dramatic change in the sentencing landscape of the appellant's court-martial. *See United States v. Buber,* 62 M.J. 476 (C.A.A.F.2006). After carefully considering the entire record, we are satisfied beyond a reasonable doubt that, if the error had not occurred, the appellant would have received a sentence at least as severe as that which was adjudged and approved. The approved sentence is, therefore, affirmed.

Chief Judge O'TOOLE and Judge KELLY concur.