CORRECTED COPY

UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
Washington, D.C.

UNITED STATES

v.

Cristina L. VERDECIA
Seaman (E-3), U.S. Coast Guard

CGCMS 24401

Docket No. 1311

24 November 2009

Special Court-Martial convened by Commander, Coast Guard Sector Charleston.  Tried at Charleston, South Carolina, on 5 February 2008.

| | |
|---|---|
| Military Judge: | CAPT Donald Rose, USCG |
| Trial Counsel: | LCDR Erin M. Ledford, USCG |
| Defense Counsel: | CAPT Ada Croom, JAGC, USN |
| Appellate Defense Counsel: | LT Jeffery S. Howard, USCG |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |

BEFORE
McCLELLAND, LODGE & McTAGUE
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  In accordance with a pretrial agreement, Appellant pleaded guilty to one specification of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ); one specification of dereliction of duty by failing to provide an unadulterated urine sample, in violation of Article 92, UCMJ; and one specification of wrongful solicitation of another to make a false official statement concerning the other's knowledge of Appellant's marijuana use, in violation of Article 134, UCMJ.  Certain findings of guilty were entered, as will be discussed.  The military judge sentenced Appellant to confinement for thirty days and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged.  The pretrial agreement did not affect the sentence.

Before this court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We find it necessary to discuss an irregularity in the trial that has not been raised by any of the parties or participants in this case. The military judge announced findings of guilty that did not match the pleas, in that he referred to Charge I, to which no plea had been entered, but did not refer to Charge III, to which a guilty plea had been entered.

In October 2007, four charges were preferred against Appellant under Articles 92, 107, 112a, and 134, UCMJ. In November 2007, they were referred to trial. On 28 January 2008, Charges I and IV were withdrawn and Additional Charges I and II were preferred against Appellant, under Articles 92 and 134 respectively. These additional charges were referred to trial on the same date.

In a pretrial agreement dated 30 January 2008 (Appellate Ex. VIII), Appellant agreed to plead guilty to Charge III, Additional Charge I, and Additional Charge II, and the sole specifications under each, while pleading not guilty to Charge II and its sole specification. The pretrial agreement notes that Charges I and IV had been withdrawn. At trial on 5 February 2008, Appellant accordingly pleaded not guilty to Charge II and its specification, and guilty to Charge III, Additional Charge I and Additional Charge II and the sole specifications under each. (R. at 17.)

The military judge conducted a thorough providence inquiry, at the end of which he stated that the "plea of guilty is provident and is accepted." (R. at 80.) The Government then withdrew Charge II. The military judge then announced findings in the following terms: "Seaman Verdecia, in accordance with your pleas, this court martial finds you of charge one and its specification, guilty; of additional charge one and its specifications [sic] guilty; of additional charge two and its specifications [sic] guilty." (R. at 80.)

It appears that the military judge misspoke, intending to announce findings to Charge III and its specification, but instead speaking of Charge I, when there was no Charge I before the court. The Report of Results of Trial from the trial counsel shows Charge I as having been withdrawn and shows a guilty finding as to Charge III. The Staff Judge Advocate Recommendation under Rule for Courts-Martial 1106, Manual for Courts-Martial, United States (2008 ed.), and the promulgating order both show the same. We conclude that Appellant was found guilty of Charge III and its specification (use of marijuana), Additional Charge I and its specification (dereliction of duty), and Additional Charge II and its specification (solicitation of a false official statement). We do not condone the error of the military judge and the apparent failure of other trial participants to ensure that the error was corrected. Still, all the circumstances make the intended outcome clear and are sufficient to bar a subsequent prosecution for the same offense, as the Army Court of Criminal Appeals found in *United States v. Perkins*, 56 M.J. 825, 827 (A.Ct.Crim.App. 2001). Accordingly, we find no material prejudice to Appellant's substantial rights.

We also believe that even without Charge III, the sentence would not have been less, and we find it appropriate.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Gail M. Reese
Deputy Clerk of the Court