*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, LAWRENCE, and STEWART
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Nicholus Z. FRYE**
Information Systems Technician Third Class (E-4), U.S. Navy
*Appellant*

**No. 202000090**

Decided: 2 February 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Wilber Lee (arraignment)
Ann K. Minami (trial)

Sentence adjudged 12 December 2019 by a general court-martial convened at Joint Base Pearl Harbor-Hickam, Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for eighteen months, forfeiture of all pay and allowances, and a bad-conduct discharge.[1]

For Appellant:
*Captain Thomas P. Belsky, JAGC, USN*

---

[1] The convening authority suspended the reduction to E-1 and the first six months of the adjudged forfeitures as a matter of clemency.

Opinion of the Court

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

_____

[2] Uniform Code of Military Justice arts. 59, 66, 10 U.S.C. §§ 859, 866. We note that the military judge announced Appellant guilty of the specification to which he pleaded guilty, but failed to announce him guilty of the underlying Charge as required under Rule for Courts-Martial 918(a). However, we find the clear intent of the military judge, in accordance with Appellant's pleas, the plea agreement, and the understanding of the parties, was to find Appellant guilty of the Charge. *See United States v. Perkins*, 56 M.J. 825, 827 (A. Ct. Crim. App. 2001) (citation omitted) ("Inaccuracies in a verdict have been held to be immaterial if the intention is evident from the record."). Under these facts, and as the finding of guilty as to the Charge is reflected in the Entry of Judgment, we find no error materially prejudicial to Appellant's substantial rights and the record in no need of corrective action.